492

**BUTTSON et al. v. ARNOLD.**
**Civil Action No. 4811.**

District Court, E. D. Pennsylvania.
Oct. 8, 1945.

James Francis Ryan, of Philadelphia, Pa., for plaintiffs.

Rawle & Henderson, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

The defendants' motion to dismiss raises the following question:

Is the foreign representative of the estate of a deceased non-resident motorist amenable to service of process, under the Pennsylvania Motor Vehicle Act of May 14, 1929, P.L. 1721 as amended, § 75 P.S. Pa. § 1201?[1]

[1] "Sec. 1201. Service of process in action against nonresident or absent owner or operator of motor vehicle; constituting state official agent to accept service.

"From and after the passage of this act, any nonresident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania, or any resident of this Commonwealth, being the licensed operator or owner of any motor vehicle under the laws of this Commonwealth, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania against such operator or owner of such motor ve-

The facts are as follows:

On May 28, 1943, a motor vehicle operated by Gilbert Sheperdson and occupied by his wife, Eliza J. Sheperdson, guest passenger, was involved in an accident with a tractor-trailer driven by William A. Buttson and owned by Standard Motor Freight Inc., joint plaintiffs in the instant action, near Hamburg, Bucks County, Pennsylvania, which is in the Eastern District of Pennsylvania. Mr. Sheperdson and his wife were killed, and both vehicles were badly damaged.

The Sheperdsons were residents of Bethel, Vermont, and subsequently Christopher N. Arnold of Bethel was duly appointed and constituted Administrator of Mr. Sheperdson's estate and Executor of Mrs. Sheperdson's estate by the Probate Court, Hartford District, Windsor County, Vermont.

On May 25, 1945, at the instance of the plaintiffs, summons was issued out of the District Court of the United States for the Eastern District of Pennsylvania against Arnold in his representative capacities.

The plaintiffs then attempted service of the summons and complaint upon Arnold as the duly appointed representative of the two estates by having the Marshal send two copies of the summons and complaint to the Secretary of the Commonwealth in Harrisburg, Pennsylvania.

The attempted service was under the provisions of the Pennsylvania Motor Vehicle Act of May 14, 1929, as amended, supra.

The defendants filed a motion to dismiss the complaint on the grounds that (1) the foreign representative of the estate of a non-resident is not subject to suit in his representative capacity in Pennsylvania, and (2) the representative of the estate of a deceased non-resident motorist is not amenable to service under the Pennsylvania Motor Vehicle Act.

As to the defendants' first contention:

It is well-settled that in a civil action in the United States District Court the capacity of an executor or administrator to be sued shall be determined by the law of the state in which the District Court is situated. Rule 17(b) of the Federal Rules

of Civil Procedure, 28 U.S.C.A. following section 723c, provides in part as follows:

"(b) Capacity to Sue or be Sued. The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. * * * *In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held; * * *.*" (Emphasis supplied)

Full effect to this Rule was given in Sylvania Industrial Corporation v. Lilienfeld's Estate, 4 cir., 1943, 132 F.2d 887. Said the Court (page 890 of 132 F.2d):

"We are satisfied, however, that defendant in her capacity as executrix of Lilienfeld was properly before the court. * * * *Whether as a foreign executor she was subject to a suit in a federal court in Virginia is to be determined under the law as laid down by the Virginia courts.* Moore v. Mitchell, 281 U.S. 18, 23, 50 S. Ct. 175, 74 L.Ed. 673; Hale v. Allinon, 188 U.S. 56, 68, 23 S.Ct. 244, 47 L.Ed. 380." (Emphasis supplied.)

Since the Pennsylvania rule controls, it is necessary to consider the Pennsylvania decisions on the subject.

The general rule as stated in the Restatement, Conflict of Laws, Section 512, is:

"No action can be maintained against any administrator outside the state of his appointment upon a claim against the estate of the decedent."[2]

In Pennsylvania, however, a foreign representative of a non-resident decedent can be sued in that Commonwealth if the foreign representative is *personally served* within the Commonwealth, Laughlin & McManus v. Solomon, 180 Pa. 177, 36 A. 704, 57 Am.St.Rep. 633, or if he enters his *voluntary appearance*, Evans v. Tatem, Adm'r, 9 Serg. & R., Pa., 252, 11 Am.Dec. 717. However, a non-resident executor of a decedent who resides outside of Pennsylvania cannot be made a party defendant to an action pending in Pennsylvania against the decedent at the time of his death by service upon executor of a writ of scire facias by publication, in ac-

---

hicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved. 1929, May 14, P.L. 1721, No. 563, § 1; 1931, April 24, P.L. 50, No. 42, § 1."

[2] In the Restatement, Conflict of Laws, (page 560) it is said: "The word 'administrator' is used to include an executor, unless specifically stated otherwise."

cord with Section 35(h) of the Pennsylvania Fiduciaries Act of June 7, 1917, P.L. 447, 20 P.S. § 778, even though the deceased had already been served with process prior to his death under the provisions of the Pennsylvania Motor Vehicle Act, Giampalo v. Taylor, 1939, 335 Pa. 121, 6 A.2d 499.

The Giampalo case does not cover the second point here involved since in that case service was attempted on the non-resident executor under the Pennsylvania Fiduciaries Act and here the service was under the Motor Vehicle Act.

As to the defendants' second contention:

The precise question has not been ruled upon by the Pennsylvania Appellate Courts but two Lower Courts in that Commonwealth have ruled specifically on the point.

In Arlotta v. McCauley, Administratrix, 1931, 16 Pa. Dist. & Co. R. 657, the Common Pleas Court of Cambria County held that service of process cannot be made under the Pennsylvania Motor Vehicle Act of 1929 on a non-resident administrator in an action against him as the personal representative of a non-resident driver who was killed in the accident out of which the suit arose.

Similarly in Minehart v. Shaffer, 1938, 86 Pittsb. Leg. J. 317, the Common Pleas Court of Fayette County held that the Pennsylvania Motor Vehicle Act makes no provision for service of a summons in trespass in an action, by a resident of Pennsylvania, against a resident of West Virginia, arising out of a collision with defendant's truck in Pennsylvania. In that case the service through the Secretary of Revenue,[3] as defendant's agent under the Motor Vehicle Act of 1929, was set aside, defendant having died before suit was brought.

In both the Arlotta and Minehart cases the Courts held that the agency created by the Motor Vehicle Act terminated with the death of the non-resident driver. Said the Court in the Minehart case (86 Pittsb.Leg. J. at page 318):

"Floyd Willard Shaffer, the alleged wrongdoer, a non-resident, having died before suit was brought, could the process be legally served upon his administratrix, a non-resident? We are of the opinion that it could not.

"Shaffer, by reason of operating his motor truck in Pennsylvania, constituted the secretary of revenue of this state his agent upon whom writs could be served in any civil suit against him in the courts of Pennsylvania arising out of any automobile accident in the state, in which his motor truck was involved. Did such agency survive him? We are of the opinion that it terminated with his death.

"It is a general rule of law, with one exception, however, that a power of attorney ceases to be operative upon the death of its maker. The exception arises when it is coupled with such an interest as to render such a power irrevocable. The interest, however, necessary to render such a power irrevocable, must be an interest in the subject upon which it is to operate: Yerkes' Appeal, 99 Pa. 401. There is no contention by counsel for plaintiff that such a power exists in the instant case. * * *

"It would seem to us that if the legislature had intended that service could be made in similar cases upon a legal representative of a deceased person, it would have so provided in the statute."

■ In view of the rulings in Arlotta v. McCauley and Minehart v. Shaffer it is clear that where a non-resident dies before suit is brought, service of process cannot be made upon his non-resident executor under the Pennsylvania Motor Vehicle Act of 1929.

■ While in both instances the rulings were by Lower Courts, in the absence of a Pennsylvania Appellate Court ruling they are controlling upon this Court under the rule enunciated in Erie R. Company v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and the decision in Fidelity Union Trust Co., Executors, v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109. Said the Court in the latter case (311 U.S. at pages 177, 178, 61 S.Ct. 178, 85 L.Ed. 109):

"* * * The highest state court is the final authority on state law (Beals v. Hale, 4 How, 37, 54, 11 L.Ed. 865; Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 114 A.L.R. 1487), but it is still the duty of the federal courts, where the state law supplies the rule of decision, to ascertain and apply that law even

---

[3] The new Pennsylvania Rules of Civil Procedure provide in Rule 2079, § 12 P. S.Appendix Pa. that this service of process shall be upon the Secretary of the Commonwealth rather than upon the Secretary of Revenue.

though it has not been expounded by the highest court of the State. See Ruhlin v. New York Life Insurance Co., 304 U.S. 202, 209, 58 S.Ct. 860, 862, 82 L.Ed. 1290. An intermediate state court in declaring and applying the state law is acting as an organ of the State and its determination, in the absence of more convincing evidence of what the state law is, should be followed by a federal court in deciding a state question. * * *"

For the reasons stated, the defendants' motion to dismiss is granted.