RIGUTTO v. ITALIAN TERRAZZO MOSAIC CO. et al.

Civ. A. No. 8726.

United States District Court
W. D. Pennsylvania.

Sept. 15, 1950.

Frank J. Zappala, Francis A. Muracca, Pittsburgh, Pa., for plaintiff.

Dalzell, McFall, Pringle & Bredin and John R. Bredin, all of Pittsburgh, Pa., for defendants.

MARSH, District Judge.

In this action John Rigutto, administrator of the estate of Louis Rigutto, deceased, brought suit against Italian Terrazzo Mosaic Company, a partnership, and John D. Kennedy, administrator of the estate of Joseph Rigutto, deceased, to recover dam-

ages for the death of Louis Rigutto resulting from an automobile accident which occurred in Westmoreland County, Pennsylvania, on or about the 29th day of October, 1949.

The plaintiff, administrator of the estate of Louis Rigutto, is a resident of Allegheny County, Pennsylvania, as was Louis Rigutto prior to his death.

The defendant, John D. Kennedy, administrator of the estate of Joseph Rigutto, is a resident of Florida, as was Joseph Rigutto prior to his death.

The defendant, Italian Terrazzo Mosaic Company, was a partnership, having its principal offices in Florida, and its partners were Louis Babuin and the said Joseph Rigutto, both of whom on the day of the accident, were residents of Florida.

The complaint alleges, inter alia, that Louis Rigutto, a guest passenger, was fatally injured by the negligent operation of a motor vehicle owned and driven by Joseph Rigutto, "acting for himself, and/or on behalf of the business generally of the defendant partnership," while traveling on the public highways of Westmoreland County, Pennsylvania.

On the 3rd day of December, 1949, the defendant, John D. Kennedy, was appointed domiciliary administrator of the estate of Joseph Rigutto by the Probate Court of Broward County, State of Florida. On February 15, 1950, Mr. Kennedy filed his certificate of authority to act as administrator of said estate in the Register's Office of Allegheny County, Pennsylvania, for the purpose of removing certain assets of the estate of Joseph Rigutto located in Allegheny County at the time of his death.

The plaintiff caused the Secretary of the Commonwealth to be served with process against the defendant administrator and against the defendant partnership in accordance with Rule 2079(a)[1] of the Pennsylvania Rules of Civil Procedure.

Counsel for the defendants appeared de bene esse, and moved to quash and strike off the service of the summons and dismiss the action, alleging that the court lacks jurisdiction over the parties, and insufficiency of service of process on the defendants.

The plaintiff concedes that the Nonresident Motorist Act, partially quoted in footnote 3 infra, cannot be invoked to effect valid substituted service upon the personal representative of the estate of the deceased nonresident. See Buttson et al. v. Arnold, D.C., 4 F.R.D. 492.

In order to sustain the substituted service upon the defendant administrator, the plaintiff invokes the Fiduciaries Act of April 18, 1949, P.L. 512, Art. XI, Sec. 1103, 20 P.S. § 320.1103.[2]

In order to sustain the substituted service upon the defendant partnership, the plaintiff invokes the Nonresident Motorist Act of May 14, 1929, P.L. 1721, as last amended by the Act of May 23, 1949, P.L. 1651, Sec. 1, 75 P.S. § 1201.[3]

1. Rule 2079. Service of Process.

"(a) If an action of the class specified in Rule 2077(a) (1) is commenced in the county in which the cause of action arose, process may be served upon the defendant personally or by having the sheriff of said county send by registered mail, return receipt requested, a true and attested copy of the process:

"(1) to the Secretary of the Commonwealth, accompanied by the fee prescribed by law, and

"(2) to the defendant at his last known address with an endorsement thereon showing that service was made upon the Secretary of the Commonwealth.". 12 P.S. Appendix.

2. Section 1103. "Service of process. The acceptance by a foreign fiduciary of the privilege extended by the laws of the Commonwealth of exercising any of his powers within the Commonwealth shall constitute the Secretary of the Commonwealth his attorney-in-fact upon whom service of process and notices may be made in any suit or proceeding instituted in the courts of the Commonwealth arising out of, or by reason of, the exercise of any of his powers or the performance or nonperformance of any of his duties as such fiduciary."

3. "Section 1. Be it enacted, &c., That from and after the passage of this act, any nonresident of this Commonwealth,

The plaintiff strenuously argues that under the Fiduciaries Act of 1949, the substituted service is valid. We cannot agree. At the time the defendant administrator filed his certificate under the Fiduciaries Act of 1949, this suit had not been filed. Moreover, this suit has not arisen out of, or by reason of, the exercise of any powers of the fiduciary within this state, nor did it arise out of the performance or nonperformance of any of his duties as such fiduciary within this state. This suit arose out of an automobile accident which occurred prior to the death of the decedent.

Counsel contends that the defendant administrator has a duty toward the Pennsylvania tort claimant as a creditor; that he has been guilty of nonperformance of that duty and is, therefore, amenable to the Pennsylvania courts. Until plaintiff reduces the tort claim to judgment, it can hardly be said that he is more than a potential creditor toward whom the defendant administrator would owe no active duty. Ordinarily, an administrator will determine that it is his duty to resist an unliquidated tort claim, at least until judgment.

Statutes governing the service of process must be strictly construed, inasmuch as they are in derogation of the common law. Williams et ux. v. Meredith, Appellant, 326 Pa. 570, 572, 192 A. 924, 115 A.L.R. 890. We cannot extend the language used in the Fiduciaries Act of 1949 to authorize substituted service in this case.

As to substituted service on the defendant partnership, we are of the opinion that it is valid. The language of the Nonresident Motorist Act plainly applies to "any nonresident * * *, being the operator or owner of any motor vehicle, who shall accept the privilege * * * of operating a motor vehicle, *or of having the same operated,* within the Commonwealth * * *." (Italics supplied.)

Moreover, the statute was designed to effect service upon nonresidents against whom injured parties had claims.[4] We think the Legislature intended to include claims against nonresident partnerships who have cars operated within Pennsylvania upon partnership business and actually driven by a principal and owner of the business. Under such circumstances when an injury occurs the partnership may be liable and all of the partners may be liable jointly and severally for a partner's tort.[5]

It appears that on the day of the accident partner Joseph Rigutto, on behalf of the defendant company, had accepted the privilege of using the highways of Pennsylvania when he undertook a trip from West Virginia to Pittsburgh upon partnership business in his own car.

The question is: Can the nonresident partnership be regarded as the "operator" of this vehicle owned and driven by Joseph Rigutto? Within the plain language of the statute, and certainly within its intendment, this partnership became the "operator" of the vehicle involved when, by a partner, it accepted the privilege "of having the same operated, within the Commonwealth * * *."

being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania, or any resident of this Commonwealth, being the licensed operator or owner of any motor vehicle under the laws of this Commonwealth, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania or in the United States District Courts of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved."

4. Goodrich-Amram's Pennsylvania Procedure, Sec. 2077a–12.

5. Uniform Partnership Act of March 26, 1915, P.L. 18, pt. III, Sec. 13 and 15, 59 P.S. §§ 35 and 37.

We examined the case [6] cited by the defendant. There the defendant corporation "was the lessee of a vehicle which was being operated and driven by Schellhorn who was engaged on the * * * Company's business." Schellhorn also owned the vehicle. He might have been an independent contractor. Nowhere in the opinion is he called an employee or agent. We are also aware of the cases [7] where the vehicles involved were owned and operated by employees of the defendant corporations. In all these cases service upon the corporations under the Nonresident Motorist Act was set aside.

The defendant partnership contends that in absence of a Pennsylvania Appellate Court decision, this court is bound by these Pennsylvania lower court decisions.[8] We concede that we would be bound by them if the instant case were in point, but it is not.

■ If, like a corporation, a partnership is considered an entity, of course it cannot physically drive a car. But, in Pennsylvania, subject to exceptions, "a partnership is not recognized as an entity like a corporation, * * * it is not a legal entity having as such a domicile or residence separate and distinct from that of the individuals who compose it. It is rather a relation or status between two or more persons who unite their labor or property to carry on a business for profit." [9] Thus when a nonresident partner drives his own car or that of a third person in Pennsylvania upon partnership business, this operation, in our opinion, is equivalent to operation by the nonresident partnership for the purpose of substituted service. A partner occupies a position of closer identity to his partnership than does a mere agent, servant or employee of a corporation.

Contra to the Pennsylvania lower court cases cited in the footnotes is the careful analysis of the problems of substituted service written in Goodrich-Amram's Pennsylvania Procedure in the sections under Rule 2077. It is stated by this respected authority at Section 2077(a)-4: "The Pennsylvania statute is clearly broader in scope than the form of statute stating that operation of a car shall make it applicable, since the Pennsylvania Act applies to the operator or owner of any vehicle operating or having the same operated in Pennsylvania. Because of this greater scope the Pennsylvania Act is not limited to the driver and should be construed to extend to any nonresident having a motor vehicle physically operated by another."

At Section 2077(a)-13 it is said: "The provision that the Act applies to one having a car operated shows that the Act is not restricted to the case of a non-resident physically operating his car, but includes a non-resident, who through an agent or employee, has a car operated within the state."

This interpretation finds support in decisions from other jurisdictions having statutes similar to the Pennsylvania Act [10] and corroborates our view thereof.

The service of the summons and complaint on the Italian Terrazzo Mosaic Co., a partnership, is sustained.

6. Burns v. Philadelphia Transportation Co., Inc., et al., 1942, 44 Pa.Dist. & Co. 654.

7. Riccio v. Niagara Cotton Co., 1931, 15 Lehigh Co.L.J., Pa., 195; Darling v. Paramount Line, Inc., et al., 1941, 24 Erie Co.L.J., 109.

8. Lambert et al. v. Doyle et al., D.C., 70 F.Supp. 990; Buttson, et al. v. Arnold, D.C., 4 F.R.D. 492 citing Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 and other leading cases. But see Judge Gibson's remarks in Neff et al. v. Hindman et al., D.C., 77 F.Supp. 4.

9. In re Morrison's Estate, 343 Pa. 157, 162, 22 A.2d 729, 732.

10. McLeod v. Birnbaum, 1936, 185 A. 667, 14 N.J.Misc. 485; Pray v. Meier, 1942, 69 Ohio App. 141, 40 N.E.2d 850, 43 N.E. 2d, 318. See other cases in accord and contra collected in Goodrich-Amram's Pennsylvania Procedure at Sec. 2077 (a)-13.