## MILLICAN v. GEE et al.
### Civ. A. No. 7404.

United States District Court
W. D. Pennsylvania.
Oct. 9, 1950.

Thomas H. Cauley and James J. Burns, Jr., Pittsburgh, Pa., for plaintiff.

H. E. McCamey (of Dickie, Robinson & McCamey), Pittsburgh, Pa., for defendants Gee & Kidd.

H. A. Robinson (of Dickie, Robinson & McCamey), Pittsburgh, Pa., for defendant A. & A. Machinery Corp.

MARSH, District Judge.

In this case the plaintiff avers that the defendant Gee is an employee, jointly or severally, of the defendant, Kidd, and the additional defendant, A. and A. Machinery Corporation. The latter moves to dismiss the action or quash the service because it, being a New York corporation, was brought

in under the Pennsylvania Nonresident Motor Vehicle Act,[1] and is not amenable to service because it did not operate or cause to be operated a motor vehicle involved in Pennsylvania.

Counsel for A. and A. Machinery Corporation cites Midora v. Alfieri, 341 Pa. 27, 17 A.2d 873, to sustain its motion to dismiss. Counsel for plaintiff cites Kimble v. Wilson, 352 Pa. 275, 42 A.2d 526; Kissell, Trustees, v. Motor Age Transit Lines, Inc., 357 Pa. 204, 53 A.2d 593; and Allaman v. Pennsylvania Public Utility Commission, 149 Pa.Super. 353, 359, 27 A.2d 516, as authority for denying the motion.

This Court assumes for the purpose of this motion, as alleged in the amended complaint, that Gee is an employee of the A. and A. Machinery Corporation.

Independent examination reveals that Pennsylvania Common Pleas Courts of Lehigh and Erie Counties [2] have held that an employer corporation whose employee owns and operates the offending vehicle is not amenable to service under the Nonresident Motorist Act. Also, the Common Pleas Court of Philadelphia County [3] has held that the corporation lessee of a vehicle which was owned and operated by the lessor upon the business of the lessee is likewise not an "owner or operator" of a motor vehicle within the Nonresident Motorist Act and was not amenable to service.

This Court is in accord with the reasoning set forth in Goodrich-Amram's Pennsylvania Procedure, Rule 2077, Sections 2077(a)–4 and 2077(a)–13, wherein the interpretation of the Statute is quite contrary to that of the Pennsylvania Common Pleas Courts.[4]

However, this Court is bound by the law as set forth in these Pennsylvania decisions.[5]

The Service of Process upon the A. and A. Machinery Corporation, additional defendant, must be quashed.

1. Act of May 14, 1929, P.L. 1721, as last amended by the Act of 1949, May 23, P.L. 1651, Sec. 1, 75 P.S. § 1201: "Section 1. Be it enacted, &c. That from and after the passage of this act, any nonresident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania, or any resident of this Commonwealth, being the licensed operator or owner of any motor vehicle under the laws of this Commonwealth, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania or in the United States District Courts of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved."

2. Riccio v. Niagara Cotton Co., 1931, 15 Lehigh Co.L.J. 195; Darling v. Paramount Line, Inc., 1941, 24 Erie Co.L.J. 109.

3. Burns v. Philadelphia Transportation Co., Inc., 1942, 44 Pa.Dist. & Co. 654.

4. Rigutto, Adm'r, v. Italian Terrazzo Mosaic Co., Civil Action No. 8726, D.C., W.D.Pa., 93 F.Supp. 124.

5. Buttson v. Arnold, D.C.E.D.Pa., 4 F.R. D. 492; Lambert v. Doyle, D.C.E.D.Pa., 70 F.Supp. 990; but see Neff v. Hindman, D.C.W.D.Pa., 77 F.Supp. 4.