### GLOVER v. DANIELS MOTOR FREIGHT, Inc.
### Civ. A. No. 173.

United States District Court
W. D. Pennsylvania.

Nov. 10, 1951.

Howard N. Plate and Bernard F. Quinn (Quinn, Leemhuis, Plate & Dwyer), of Erie, Pa., for plaintiff.

William F. Illig (Gifford, Graham, MacDonald & Illig), of Erie, Pa., for defendant.

BURNS, District Judge.

Plaintiff, alleging Pennsylvania citizenship, has filed an action against defendant, an Ohio corporation, because of a collision at Union City, Pennsylvania. Substituted service of process was made upon the Secretary of the Commonwealth.

The motion to dismiss for failure to state a claim is not here pressed. The real issue at this time is the instant motion to quash service and dismiss. The motion is based on the theory that defendant was

only lessee, and consequently could have been neither "owner" nor "operator" of the tractor-trailer involved in the collision within the meaning of P.L. 1651, May 23, 1949, 75 P.S. § 1201.

 Plaintiff suggested at oral argument of this motion that, since the complaint pleaded that defendant owned the trailer, the substituted service statute might be applicable to defendant as an "owner". The statute, however, qualifies the classes to be an "operator or owner of any motor vehicle", and the definitions set forth in the Vehicle Code, 75 P.S. § 862, clearly indicate that "motor vehicle" would not include a trailer. It is necessary, therefore, to determine whether Pennsylvania law, which governs disposition of this motion, authorizes the type of service of process here made on defendant as an "operator".

Defendant has relied upon two decisions of Pennsylvania inferior courts, Darling v. Paramount Line, Inc., Pa., 1941, 24 Erie Co.L.J. 109, and Burns v. Philadelphia Transportation Co., Inc., 1942, 44 Pa. Dist. & Co. 654. To these might be added Riccio v. Niagara Cotton Co., 1931, 15 Lehigh Co.L.J. 195, 47 York Leg.Rec. 70, which is apparently the earliest reported Pennsylvania opinion in that field. The Darling opinion of Judge Kitts notes that Riccio v. Niagara Cotton Co., supra, is squarely in point. Judge Reno, who wrote the Riccio opinion, was most careful therein to stress that defendant in that case, the Niagara Cotton Co., did not own the automobile, which was driven and owned by an employee of the cotton company; in fact, Judge Reno specifically left open the situation where a corporation had its employee operate a car which the corporation had hired. Likewise, in the Burns case, the owner of the automobile involved was its driver; moreover, the opinion does not state that the operator was an employee rather than an independent contractor. The fundamental distinction between the aforementioned cases and that at bar, where the driver of the tractor-trailer was allegedly only an employee of defendant and not an owner, means that the problem left undecided by Judge Reno has now matured

 The comprehensive opinion of Judge Marsh of this Court in Rigutto v. Italian Terrazzo Mosaic Co., D.C.W.D.Pa.1950, 93 F.Supp. 124, points the way clearly. I am persuaded that the Pennsylvania legislature did not intend, and Pennsylvania courts will not interpret, the nonresident service statute to be inapplicable whenever the operator of a motor vehicle is an employee of a company which has leased the vehicle from another organization. The statute was devised to protect Pennsylvania residents against this very kind of difficulty. If the allegations of the complaint be accepted as true for the purposes of this motion, defendant was the "operator" of the tractor within the definition of "operator" in the Motor Vehicle Act, 75 P.S. § 862, in that the driver was the servant and employee of defendant; and defendant should not be permitted to avoid service of process by asserting a lease with some other corporation. I can see no inconsistency in applying the statute to a lessee which is in fact operating the vehicle in question.