## REESE v. AMERICAN RED BALL TRANSIT CO., Inc. et al.

### Civ. No. 10362.

United States District Court
W. D. Pennsylvania.

Sept. 23, 1952.

service was made upon the Secretary of Revenue of the Commonwealth of Pennsylvania.

The motion is based on the theory that a foreign corporation as lessee of a motor vehicle, owned by another foreign corporation and operated by an employee of this latter corporation, is not subject to service of process under the provisions of the Pennsylvania Non-Resident Motorist Act. Defendent, American Red Ball Transit Company, Inc., argues that it was only the lessee of the tractor-trailer here involved; that it was not the employer of the driver; and that, consequently, it was neither "owner" nor "operator" of the tractor-trailer within the meaning of Section 1 of the Pennsylvania Non-Resident Motorist Act, 75 P.S. § 1201. However, plaintiff alleges in her complaint that the driver was the servant, agent or employee of the defendant American Red Ball Transit Company, Inc. and for the purposes of this motion, we must accept this allegation as true.

Judge Rabe F. Marsh, Jr., of this Court in ruling on a similar motion felt bound by three decisions of Pennsylvania Common Pleas courts [1] although he expressed disagreement with the rule of law laid down in those cases. Millican v. Gee, D.C.W.D.Pa.1950, 97 F.Supp. 1012. Since the date of that decision, the Court of Appeals for the Third Circuit has made it clear that Federal Courts are not bound by the rule of Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, to follow the decisions of lower state courts. Berkshire Land Co. v. Federal Security Co., 199 F.2d 438. Judge Owen M. Burns of this Court has also considered the question now before us and in a comprehensive opinion has denied a similar motion to quash. Glover v. Daniels Motor Freight, Inc., D.C.W.D.Pa. 1951, 101 F.Supp. 97. For the reasons expressed therein, we will deny the motion filed on behalf of defendant, American Red Ball Transit Company,

R. H. Buchman, Blairsville, Pa., for plaintiff.

H. A. Robinson, Richard Duff, Dickie, McCamey, Chilcote, Reif & Robinson, Pittsburgh, Pa., for defendants.

STEWART, District Judge.

Plaintiff brought this action to recover damages for the death of her husband resulting from injuries sustained in a motor vehicle collision allegedly caused by the negligence of defendants. Jurisdiction is based on diversity of citizenship. American Red Ball Transit Company, Inc., an Indiana corporation, one of the defendants herein, has moved to quash service of process made upon it pursuant to the provisions of P.L. 1721, No. 563, May 14, 1929, as amended, 75 P.S. § 1201 et seq.; and it is this motion which is now before the Court for disposition. Substituted

1. Burns v. Philadelphia Transportation Co., Inc., 1942, 44 Pa.Dist. & Co. 654; Darling v. Paramount Line, Inc., 1941, 24 Erie Co.L.J. 109; Riccio v. Niagara Cotton Co., 1931, 15 Lehigh Co.L.J. 195.

Inc., at this time without prejudice to renew it at the trial of the action if it should then appear that the driver of the tractor-trailer was not an employee of defendant, American Red Ball Transit Company, Inc.

