Jeavon L. ECKMAN and John F. Eckman, Plaintiffs,

v.

Abe BAKER, individually and trading as Simmonds Upholstering Co., Defendants.

Civ. No. 11753.

United States District Court, W. D. Pennsylvania.

Dec. 28, 1954.

Robert B. Ivory, Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiffs.

James J. Burns, Jr., Randall J. McConnell, Jr., Dickie, McCamey, Chilcote, Reif & Robinson, Pittsburgh, Pa., for defendants.

MILLER, District Judge.

The case arises upon plaintiffs' motion for a preliminary hearing to determine the question of service of process raised by defendant's answer to plaintiffs' complaint. Rule 12(d), Federal Rules of Civil Procedure, 28 U.S.C.

The instant litigation arose out of a collision in Allegheny County, in the Western District of Pennsylvania, between an automobile driven by the plaintiff husband, John P. Eckman, and an automobile driven by defendant's duly authorized servant, agent and employee, acting within the scope of his employment and authority. The complaint avers that the automobile driven by defendant's employee was owned by the driver's wife. The complaint, as amended, also avers that, pursuant to an arrangement, the cost of the gas and oil used in its operation was paid by defendant. Plaintiffs are citizens of Pennsylvania, residing in Allegheny County; defendant is a citizen of Massachusetts.

Defendant contends that he was not amenable to service which was made in accordance with the provisions of the Pennsylvania Act of May 14, 1929, P.L. 1721, as amended, 75 P.S. § 1201, which by its terms is applicable to:

"* * * any nonresident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania * * *."

See Rule 4(d) (7), Federal Rules of Civil Procedure.

The Pennsylvania Act has been construed by the following decisions of the Pennsylvania Courts of Common Pleas:

1. Riccio v. Niagara Cotton Co., C.P., Lehigh Co., 1931, 15 Lehigh Co.L.J. 195, 47 York Leg.Rec. 70. In this case, service of process against a nonresident corporate employer of the driver of a car in Pennsylvania was set aside. The driver was the owner of the car.

President Judge Reno held:

"By its own terms the Act applies to those nonresidents who (a) operate cars in Pennsylvania and (b) owners of cars who have them operated in Pennsylvania."

2. Darling v. Paramount Line, Inc., C. P., Erie Co., 1941, 24 Erie L.J. 109. In this case the Court held that the Riccio case, supra, was "squarely in point" and that service should be set aside against the nonresident defendant, there being nothing in the case to fasten the ownership of the motor vehicle upon the nonresident defendant.

3. Burns v. Philadelphia Transportation Co., Inc., et al., C.P. No. 1 Phila. Co., 1942, 44 Pa.Dist. & Co. 654. In this case service was set aside against the nonresident lessee of a motor vehicle which was driven by its lessor in Penn-

sylvania upon the nonresident defendant's business. Plaintiff had averred that the lessor was the owner as well as the operator of the vehicle involved in the collision. The Court held that the clause "having the same operated" refers to nonresident owners of motor vehicles, from an analysis of the statutory language.

4. Stouffer v. Eastern Motor Dispatch, Inc., C.P., Lebanon Co., 1951, 80 Pa.Dist. & Co., 30. In this case the defendant driver had driven a tractor and trailer in Pennsylvania, in doing which he was engaged in the business of the nonresident Eastern Motor Dispatch, Inc. The trailer was owned by Eastern Motor Dispatch, Inc., and leased to the driver; the tractor was owned by the driver and leased to Eastern Motor Dispatch, Inc. As in the Burns case, supra, the Court held the service improper, rejecting the contention that where an automobile is being operated by some one who is engaged on the business of lessee, the lessee is having it operated.

The Act has also been construed by the following previous decisions of this Court:

1. Rigutto v. Italian Terrazzo Mosaic Co., D.C., W.D.Pa., 1950, 93 F.Supp. 124. In this case the Court held that the Pennsylvania statute in question was applicable to a nonresident defendant partnership, where the car involved was owned by the partner who was driving it in Pennsylvania on the business of the partnership.

Citing Williams v. Meredith, 1927, 326 Pa. 570, 572, 192 A. 924, 115 A.L.R. 890, the Court stated that [93 F.Supp. 127] "statutes governing service of process must be strictly construed, inasmuch as they are in derogation of the common law." However, the Court held the service of process valid under the facts of the case, carefully basing its decision upon the nature of partnerships, as distinguished from other forms of business enterprise.

2. Millican v. Gee, D.C., W.D.Pa., 1950, 97 F.Supp. 1012. In this case the Court held that service against a nonresident corporate defendant whose employee had owned and driven the vehicle involved in Pennsylvania must be quashed, on the authority of the three Common Pleas decisions which had theretofore been decided.

3. Glover v. Daniels Motor Freight, Inc., D.C., W.D.Pa., 1951, 101 F.Supp. 97. In this case the driver of the vehicle involved was an employee of the nonresident corporate defendant, and the corporate defendant was lessee of the vehicle. Service of process was held proper under the Pennsylvania statute on the ground that the lessee was the "operator" of the vehicle. The Court's decision was based, at least in part, upon the definition of "operator" contained in the Tractor Code, Act of May 1, 1929, P.L.1005, § 102, as amended, 75 P.S. § 862, which definition has since been repealed by the Act of Jan. 14, 1952, P.L.1996, § 2, Laws of 1951.

4. Reese v. American Red Ball Transit Co., Inc., D.C., W.D.Pa., 1952, 107 F.Supp. 549. In this case also, service was held proper against the corporate nonresident defendant who was a lessee of a motor vehicle driven by its employee in Pennsylvania, on the authority of the Glover case, supra.

■ It is clear that this Court, in determining the law of Pennsylvania, is not bound by decisions of the Pennsylvania Courts of Common Pleas, as it would be bound by decisions of the Pennsylvania appellate Courts. Sunbeam Corp. v. Civil Service Employees' Cooperative Ass'n, 3 Cir., 1951, 187 F.2d 768. See also Berkshire Land Co., v. Federal Security Co., 3 Cir., 1952, 199 F.2d 438; National Foam System, Inc., v. Urquhart, 3 Cir., 1953, 202 F.2d 659.

On the other hand, it is equally clear that the interpretation given by this Court to the Pennsylvania statute should not differ from that which the Pennsylvania courts are likely to follow, regardless of what interpretation this Court may think correct or prefer. It follows that the four decisions of the Courts of

Common Pleas, which constitute all of the available data from which this Court may ascertain the meaning of the Pennsylvania statute as construed by the Pennsylvania Courts, should be accorded great weight by this Court, in the absence of convincing evidence that the Pennsylvania Supreme Court would overrule them. See Fidelity Union Trust Co., Executors, v. Field, 1940, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109; West v. American Telephone and Telegraph Co., 1940, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139; McLouth Steel Corp. v. Mesta Machine Co., 3 Cir., 1954, 214 F.2d 608; Lattavo Bros., Inc., v. Hudock, D.C., W. D.Pa., 1953, 119 F.Supp. 587, 590. Cf. King v. Order of United Commercial Travelers of America, 1948, 333 U.S. 153, 157, 162, 68 S.Ct. 488, 92 L.Ed. 608.

As stated in West v. American Telephone & Telegraph Co., supra, 311 U.S. at pages 236, 237, 61 S.Ct. at page 183:

"* * * There are many rules of decision commonly accepted and acted upon by the bar and inferior courts which are nevertheless laws of the state although the highest court of the state has never passed upon them. In those circumstances a federal court is not free to reject the state rule merely because it has not received the sanction of the highest state court, even though it thinks the rule is unsound in principle or that another is preferable. State law is to be applied in the federal as well as the state courts and it is the duty of the former in every case to ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule, however superior it may appear from the viewpoint of 'general law' and however much the state rule may have departed from prior decisions of the federal courts. * * *"

With respect to decisions of the Pennsylvania Courts of Common Pleas, the Third Circuit Court of Appeals has stated in Sunbeam Corp. v. Civil Service Employees' Cooperative Ass'n, supra, 187 F. 2d at page 772:

"It frequently happens that although there is no appellate case on a point there is a sufficient body of nisi prius opinion to form a consensus of legal thought on a given subject. In that case we should, of course, join in the consensus. * * *"

In Millican v. Gee, supra, and in all of the Common Pleas decisions related above, the statute was held to be applicable only to *operators* of motor vehicles in Pennsylvania and to *owners* of motor vehicles having the same operated in Pennsylvania. In all of these cases, the pleadings precluded a holding that the nonresident was an "owner" of the vehicle involved. Likewise, in the instant case, the allegations of the complaint preclude a finding that defendant was an "owner" of the vehicle involved.

The Common Pleas decisions have rejected the contention that the word "operator" applies to any one who causes a motor vehicle to be operated in Pennsylvania by another. In view of the fact that the rejected contention would render superfluous the application of the statute to owners, and would render meaningless the phrase, "being the operator or owner of any motor vehicle," which phrase has remained in the statute through twenty years of the Common Pleas decisions and has survived the amendatory Act of May 23, 1949, P.L. 1651, this Court is far from being convinced that the Pennsylvania Supreme Court would overrule the four Common Pleas decisions under the existing statute. Those decisions have clearly considered the word "operator," when used in connection with motor vehicles, to mean the driver thereof. This construction of the word "operator" is not artificial or contrary to popular usage and is in accordance with the statutory definitions appearing in other Pennsylvania motor vehicle laws, defining "operator" as one "who is in actual physical control of a motor vehicle." Act of June 1, 1945, P.L.1340, § 1, as amended, 75 P.S. §

1277.1; Act of May 1, 1929, P.L.905, § 102, as amended, 75 P.S. § 2.

■ It appears from the complaint that the vehicle here involved was driven in Pennsylvania and owned by persons other than defendant. For the foregoing reasons, defendant may not be held to have been the "operator" of the vehicle involved by reason of the arrangement whereby defendant paid the operating expenses of the vehicle. It follows that the Pennsylvania statute upon which plaintiff relies is inapplicable to defendant and that service of process upon defendant must be quashed.

An appropriate order is entered.