## Williams et ux. *v.* Meredith, Appellant.

Submitted April 20, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Leigh B. Maxwell,* for appellant.

*D. R. Reese,* for appellees.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 25, 1937:

An automobile accident occurred in Wayne County, Pennsylvania, involving plaintiffs, residents of Lackawanna County, and defendant, a resident of New York. Plaintiffs instituted action in Lackawanna County, and service was made by deputization upon the Secretary of

Revenue of Pennsylvania, as agent for defendant pursuant to the Act of May 14, 1929, P. L. 1721, Section 1, as amended. The jurisdiction of the court was preliminarily challenged on the ground that the service was invalid since suit had not been commenced in the county where the accident took place. The court below sustained plaintiffs' contention that suit could be brought in any county on the authority of *Aversa v. Aubry*, 303 Pa. 139.

The long established principle of universal application is that statutes in derogation of the common law must be strictly construed. This rule has been steadfastly adhered to in the construction of statutes governing the service of process. Recently in *Heaney v. Mauch Chunk Boro.*, 322 Pa. 487, this Court stated at p. 490: "The common law rule in regard to service of process, established by centuries of precedent, has always been accepted as binding in this State. In an action in personam the process must be served personally within the jurisdiction of the court in which the action was commenced, upon the person to be affected thereby. This rule prevails, unless a statute clearly and definitely manifests that a different method as to service has been promulgated by the legislature. We stated in *Davidson v. Bright*, 267 Pa. 580, that statutes in derogation of the common law must be construed strictly and only such modification of the law will be recognized as the statute clearly and definitely prescribes." In *Hughes v. Hughes*, 306 Pa. 75, 78, this court said: "It is general law that service statutes are to be construed strictly, and particularly statutes authorizing substituted service or service by publication: 50 C. J. 490; *Stamey v. Barkley*, 211 Pa. 313; *Lehigh Valley Ins. Co. v. Fuller*, 81 Pa. 398."

The interpretation placed upon the Act of 1929 in the *Aversa* case permits suit to be brought in any county in the State, and service may be made on the Secretary of

Revenue as agent for the nonresident defendant. This cannot be reconciled with the settled rules of construction. Its holding was predicated on the fact that no limitation of service was expressed in the act and the theory that general expressions of a service statute control its scope; no attention was paid to common law restrictions and existing statutory regulations; nor was any given to Section 1208 of the Vehicle Code of May 1, 1929, P. L. 905, as amended, except to hold that it applied only to property damage. The opinion stated: "The act contains no provision limiting the right of suit to the county where the accident occurred, or providing that service of process can be made only by an officer of that county." Section 1208 provides: "All civil actions for damages, arising from the use . . . of any vehicle, may, at the discretion of the plaintiff, be brought . . . in the county wherein the alleged damages were sustained . . . and service of process . . . may be made by the sheriff of the county . . . wherein the defendant . . . resides. . . ." It is not limited to recovery of expenses paid in repairing property damages, for we held in *Orlosky v. Haskell,* 304 Pa. 57, that such interpretation of it was incorrect, and it includes actions for personal injuries arising from the use of motor vehicles.

Appellees' contention that suit may be brought in any county accords plaintiffs an unrestricted choice of venue in automobile cases against nonresidents, with the right to serve defendant by deputization no matter where he may be; while in similar actions against residents service by deputization is only permitted if the suit is instituted in the county where the accident occurred. The Act of May 14, 1929, P. L. 1721, Section 1, as amended, under which this broad power is claimed by appellees, provides: ". . . any nonresident . . . being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this

Commonwealth . . . shall by such acceptance . . . constitute the Secretary of Revenue . . . his . . . agent for the service of process in any civil suit . . . arising out of . . . any accident or collision occurring within the Commonwealth. . . ."

This Act, however, must be construed in connection with Section 1208 of the Motor Vehicle Code, supra, which controls the venue of such actions apart from the common law. So construed, the Act of 1929, P. L. 1721, conferring the right of service on nonresidents by deputization is limited to the county in which the accident occurred. The nonresident Act is not clear. It names the Secretary as agent to accept service, but says nothing as to the venue of the action in auto cases which gives the right of service differing from the common law. The place where process may be served is an important field of the common law which these statutes invade, and the invasion, serving a defendant in a county other than that where the writ issues, must be definitely and clearly set forth in the act. The venue and service must be that permitted by the common law except as changed by statute. Section 1208 of the Motor Vehicle Code which comprehends all automobile accidents changes this requirement if the action is brought in the county where the accident occurs. The nonresident Act did not enlarge this change. Hence, it must be deemed to apply solely to suits instituted in the county where the accident happened, when service may be had on a nonresident no matter where he may be. We cannot assume that the legislature intended to sweep away all the protection accorded to nonresidents by the common law rules, and lift all these restrictions and expose them to suit in any county in the state irrespective of where the accident occurred, while suit against a resident for a similar accident must be in the county where it took place or where personal service can be made on the defendant. To create a different rule for nonresidents

might give rise to a very serious constitutional question. The construction here enforced imposes no greater hardship on nonresidents than residents and promotes uniformity of service.

The legislative policy under the Code was to restrict such actions either to the county where the cause arose or to the place where defendant could be personally served. Section 1208, outlining this policy, is general in scope applying to all civil actions for damages arising from the use and operation of any vehicle, when service by deputization is necessary. A plaintiff who desires to make service by deputization must comply with its terms. This interpretation of the two acts makes them fit into the legislative scheme and avoids the difficulties of an unreasonable classification between residents and nonresidents, which would be without apparent purpose, and places a reasonable limitation on the plaintiff's choice of venue and prevents harassing a nonresident defendant by an unreasonable selection of the locality to start suit.

In *Heaney v. Mauch Chunk Boro., supra,* a borough in Carbon County was sued for injuries resulting from the negligent maintenance of a sidewalk, and it brought in as additional defendant under the Sci. Fa. Act of April 10, 1929, P. L. 479, as amended,* a resident of Northampton County served by deputization, who attacked the validity of the service. We held under this statute defendant had a limited right of service. The statute

---

* "Any defendant, . . . may sue out, . . . a writ of scire facias . . . and such original defendant shall have the same rights in securing service of said writ as the plaintiff in the proceedings had for service of process in said cause. Where it shall appear that service of said writ on an added defendant cannot be obtained in the county wherein the action was instituted, service . . . may be made by the sheriff of the county in which the action was instituted deputizing the sheriff of the county wherein such added defendant resides or where service may be had upon him under the existing laws of this Commonwealth. . . ."

gave him the same right as plaintiff had, but since plaintiff could not have served defendant by deputization in another county, such right was not available to the original defendant. Nor did the words which follow ("Where it shall appear,") etc., carry with them an imputation of legislative intent to give the original defendant rights exceeding those of plaintiff; to do so would ignore the words "original defendant shall have *the same rights in securing service.*" The words which follow ("Where it shall appear," etc.) relate to such actions *where a defendant* might be served outside the county under some act of assembly. As plaintiff did not have any statutory right of service in another county, the deputized service on the additional defendant was invalid.

The *Heaney* case was in line with the reasoning adopted in *Gossard v. Gossard,* 319 Pa. 129, and the rule there laid down. In that case an automobile accident occurred in Bedford County. Suit was instituted in Butler County and defendant personally served. Defendant secured service by deputization on an additional defendant in Allegheny County. We held that this service was valid. Plaintiff had the right to sue in Bedford County, where the accident occurred, and serve defendant by deputization under Section 1208 of the Vehicle Code anywhere in the state where he could be found; or he could sue in any county where defendant could be served personally. He did the latter, but by so doing he could not deprive defendant of the "same rights in securing service . . . as the plaintiff . . . had" under the Sci. Fa. Act. The Act plainly gave defendant that right, and he could not be stripped of it merely because plaintiff saw fit to sue outside the county of the accident.

Decree reversed; service set aside.