Nathan *v.* McGinley, Appellant, et al.

Argued September 30, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Glenn A. Troutman,* of *McWilliams, Wagoner & Troutman,* for appellant.

*William T. Connor,* with him *John R. K. Scott, Hardie Scott* and *John J. Cahill,* for appellee.

*Benjamin Ludlow,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, October 28, 1940:

Was the service upon the additional defendant, a non-resident, valid? The court below held not. The original defendant, who endeavored to bring in the additional one, appeals.

A collision occurred in Montgomery County between the automobile of defendant and that of the additional defendant, who is a resident of the State of North Carolina. Plaintiff was riding in original defendant's car. She brought suit against him in Philadelphia, where he resides. By petition under Pa. R. C. P. No. 2252, 332 Pa. cxxiii, he seeks to bring in the additional defendant. The court below made an order joining the additional defendant. Process was served on the Secretary of Revenue, as the Act of May 14, 1929, P. L. 1721, Sec. 2, as

amended, 75 PS Sec. 1202, permits. Notice, as provided by the act, was given to the additional defendant. She filed a special appearance and a petition under the Act of March 5, 1925, P. L. 23, 12 PS Sec. 672, to set the service aside. We think under the circumstances it was invalid.

It is not necessary to review all the cases referred to in the briefs. Most of them have already been considered in *Williams v. Meredith,* 326 Pa. 570, 192 A. 924, which answers the question now submitted to us. It holds that the right of service of process on a nonresident defendant, in a motor vehicle case, under the Act of 1929, supra, as amended, exists only where suit has been instituted in the county in which the accident occurred. There we pointed out that, giving to plaintiffs, in automobile cases, an unrestricted choice of venue against nonresidents, with the right to serve defendant by deputation, no matter where he may be, is incompatible in right, with such suits against residents, who can be served by deputation, only if the suit is instituted in the county where the accident occurred. We said (p. 574) we could "not assume that the legislature intended to sweep away all the protection accorded to nonresidents by the common law rules, and lift all these restrictions and expose them to suit in any county in the state irrespective of where the accident occurred, while suit against a resident for a similar accident must be in the county where it took place or where personal service can be made on the defendant. To create a different rule for nonresidents might give rise to a very serious constitutional question."

It is argued by the original defendant and by plaintiff that Pa. R. C. P. No. 2254, 332 Pa. cxxvii, authorizes the service. The rule provides that "A defendant shall have the same rights in securing service as the plaintiff had for service in said action. If the action was instituted in the county where the cause of action arose, . . . the defendant shall also have the right of service *in any*

*other county* by having the sheriff of the county wherein the action was instituted deputize the sheriff *of any other county* wherein service may be had." No provision is made for service outside the State. *Gossard v. Gossard,* 319 Pa. 129, 178 A. 837, does not support appellant's position as a close reading of the opinion will show. We were there considering service on an additional defendant "wherever he might be found in the State." There is no reference to service outside the State.

The order of the court below is affirmed at appellant's cost.