## Shellito *v.* Grimshaw (et al., Appellant).

Argued May 24, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Franklin B. Hosbach,* with him *John M. Wolford, Howard M. Nazor,* and *Hosbach and Good,* for appellant.

*Frank B. Quinn,* with him, *Marsh, Spaeder, Baur & Spaeder* and *Quinn, Leemhuis, Plate & Dwyer,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, June 27, 1951:

This jurisdictional controversy arose out of an automobile collision in Erie County on November 28, 1949. One car was driven by Leo D. Metcalf, resident of Ohio, who died as a result of the accident. His passenger, Lloyd R. Shellito, also of Ohio, was injured. The driver of the other vehicle was Robert Grimshaw of Erie County.

Mrs. Metcalf, appellant, in her own name and as ancillary executrix of her husband's estate, on February 11, 1950 issued a summons in trespass against Grimshaw, appellee, in Erie County. The same day Shellito instituted a trespass action against Grimshaw in Erie County. Grimshaw, on April 10, 1950, issued a writ joining appellant as additional defendant in the suit by Shellito.

Appellee had attempted service on appellant by several means, namely, (a) on April 10, 1950, by registered mail on the Secretary of the Commonwealth and copies to appellant's last known address; (b) April 13, 1950, by service on appellant's attorney in Erie County as her agent; and (c) personal service on appellant in Erie County on May 4, 1950. Appellant, on the same day personal service was attempted, moved the court to set aside her joinder as additional defendant, which motion was dismissed. The case was continued until January 8, 1951, when appellant again moved to set aside the joinder for lack of proper service. This motion was dismissed by the court below and from the refusal to strike off service this appeal is taken.

Appellant would have this Court say that all attempts at service, viz., on the Secretary of the Commonwealth, on her agent, and on her personally, were ineffective. If any one of these is determined to have been a proper service on appellant, the order of the lower court dismissing appellant's motion to set aside joinder must be affirmed.

Appellant's ancillary letters were granted February 10, 1950, permitting her to use the courts of this State and certainly it cannot be denied that she then was personally within the jurisdiction of the courts of Erie County. On February 11, 1950, appellant made use of the Erie County Courts to issue summons in trespass against appellee in her own name and as ancillary executrix. Personal service was had on appellant in Erie County on May 4, 1950, in connection with the same cause of action. Appellant, however, pleads immunity from this service on the ground that she was within the county only for the purpose of attending a deposition proceeding which, however, grew out of the same accident and cause of action.

In the recent case of *Vaughan v. Womeldorf*, 366 Pa. 262, 77 A. 2d 424, we held that a participant in an

automobile accident in one county who instituted a suit in trespass in another county could not successfully resist an application to be joined as an additional defendant in such suit or in suits by passengers in his automobile, on the ground of non-residence. Mr. Justice STEARNE at page 265 said: "It would be unrealistic to decide that the additional defendant is *in esse* within Allegheny County to institute suit, but not *in esse* to be served while in that county (being represented therein by an attorney of record), while pursuing his cause of action."

Although appellant is a non-resident of the Commonwealth, the apt language of Mr. Justice STEARNE is equally applicable here. Appellant has submitted herself to the jurisdiction of the Erie County Court by presence there in her representative capacity through the issuance of ancillary letters, and her institution of suit against appellee. It cannot be said that appellant is within the jurisdiction of the Commonwealth to institute suit on a cause of action arising here, but not within the jurisdiction for service of process in another suit in the same county arising out of the same action. Under the circumstances appellant has lost any immunity she otherwise might have enjoyed as a non-resident of the Commonwealth: See 42 Am. Jur., Process, §144, p. 125, §150, p. 130; 19 A.L.R. 823, 828; Jos. H. Beale, The Conflict of Laws, (1935), Vol 1, §83.1 p. 357.

The claims of the contending parties can be adjudicated within this jurisdiction. A purpose of third party procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of the parties in a single cause of action, and our rules of procedure should *wherever possible,* be construed to achieve that purpose. *Vaughan v. Womeldorf,* supra; *Simodejka v. Williams,* 360 Pa. 332, 62 A. 2d 17.

Inasmuch as the personal service on appellant on May 4, 1950 constituted effective service of process within the jurisdiction of the Erie County Court, it is unnecessary to pass upon the validity of the other attempts at service.

Order affirmed.