James BROWN, a Minor, by John Brown, his Parent and Natural Guardian, Plaintiff,

v.

Wanda Lee HUGHES, Administratrix of the Estate of Claude C. Hughes, Jr., Defendant.

Civ. A. No. 5167.

United States District Court
M. D. Pennsylvania.

Nov. 4, 1955.

Thomas J. Foley, John A. Morano, Scranton, Pa., for plaintiff.

Richard H. Warren, of Harris, Warren, Hill & Henkelman, Scranton, Pa., for defendant.

JOHN W. MURPHY, District Judge.

Defendant, a West Virginia administratrix acting through her counsel, appearing specially, moves to dismiss

plaintiff's action because the court has not acquired jurisdiction of her person. Following her husband's instant death as owner-driver of an automobile in a collision on a highway in this district, defendant was appointed administratrix of his estate by a West Virginia court. Thereafter, appearing only through counsel, an action was filed in this district [1] to recover for the wrongful death from James Neary of Pennsylvania, driver of the other car. James Brown, injured while riding in the Neary car, then by his parent and natural guardian filed the present action against the administratrix, the summons and complaint being served by the United States Marshal by registered mail upon the Secretary of the Commonwealth of Pennsylvania and an endorsed copy upon the defendant in West Virginia.[2]

Jurisdiction of a person may be secured by personal presence, domicile, allegiance, consent or acts done within the territorial jurisdiction of the court. Restatement Conflict of Laws, § 77. "It is an elementary principle of jurisprudence that a court of justice cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice [sic] within the jurisdiction upon him or upon some one authorized to accept service in his behalf, or by his waiver, by general appearance or otherwise, of the want of due service." Goldey v. Morning News, 156 U.S. 518, at page 521; 15 S.Ct. 559, 39 L.Ed. 517. A personal judgment rendered against a non-resident who has neither been served with process nor appeared in the suit is without validity. McDonald v. Mabee, 243 U.S. 90, at page 92, 37 S.Ct. 343, 61 L.Ed. 608. The mere fact that notice was sent to him outside the state is of no avail. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. The mere transaction of business in a state by a non-resident natural person does not imply consent to be bound by the process of its courts. Flexner v. Farson, 248 U.S. 289, 39 S.Ct. 97, 63 L.Ed. 250.

The Federal Rules of Civil Procedure, Rule 4(d) (1), 28 U.S.C., provides that service shall be made "Upon an individual * * * personally or * * * an agent authorized by appointment or by law to receive service of

---

1. Cf. Restatement Conflict of Laws, § 507, "In the absence of a statute permitting it, a foreign administrator cannot sue to recover a claim belonging to the decedent." See and cf. Hare v. O'Brien, 1912, 233 Pa. 330 at pages 333, 334, 82 A. 475, 39 L.R.A.,N.S., 430, Ann.Cas. 1913B, 624; Mansfield v. McFarland, 1902, 202 Pa. 173, at page 174, 51 A. 763; Sayre's Ex'rs v. Helme's Ex'rs, 1869, 61 Pa. 299, at page 301; Laughlin and McManus v. Solomon, 1897, 180 Pa. 177, at page 179, 36 A. 704.

The Pennsylvania Fiduciary Act of April 18, 1949, as amended, 20 P.S. § 320.1101, permits such an action, "A foreign fiduciary may institute proceedings in the Commonwealth (subject to the conditions and limitations imposed on nonresident suitors generally) and may exercise all the other powers of a similar local fiduciary, but a foreign personal representative shall have no such power when there is an administration in the Commonwealth. * * * the maintenance of a proceeding or the exercise of any * * * power * * * shall be subject to the following additional conditions and limitations:

"(1) * * * The foreign fiduciary shall file with the register * * * an exemplified copy of his appointment * * in the foreign jurisdiction * * *.

"(2) * * * execute and file an affidavit * * * stating that after diligent search and inquiry, the estate * * is not, to his knowledge or so far as he has been able to discover, indebted to any person in the Commonwealth * * *."

Plaintiff complied with the terms thereof. See Greene v. Goodyear, D.C. M.D.Pa.1953, 112 F.Supp. 27; Boyle v. Curtis Pub. Co., D.C.E.D.Pa.1950, 11 F.R.D. 92.

Apart from the possibility of a favorable judgment in the present action there was no other property in Pennsylvania belonging to the estate.

2. In determining a question of jurisdiction, the court is not bound by the pleadings, but may of its own motion inquire into the facts as they really exist. Suders v. Campbell, D.C.M.D.Pa. 1947, 73 F.Supp. 112, at page 115.

**58**

process." Rule 4(d) (7), "* * * it is * * * sufficient if * * * served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made * * *." Such service is however always subject to constitutional notions as to validity. 2 Moore's Federal Practice, 2d Ed., § 418, p. 942.

Obviously there was no personal service upon the defendant in Pennsylvania. There is no pertinent statute of the United States. As to the law of Pennsylvania, see Heaney v. Mauch Chunk Borough, 1936, 322 Pa. 487, at page 490, 185 A. 732, at page 733, "The common-law rule in regard to service of process * * * has always been accepted as binding in this state. In an action in personam, the process must be served personally within the jurisdiction of the court in which the action was commenced, upon the person to be affected thereby. This rule prevails, unless a statute clearly and definitely manifests that a different method as to service has been promulgated by the Legislature"; and Williams v. Meredith, 1937, 326 Pa. 570, at page 572, 192 A. 924, at page 925, 115 A.L.R. 890, "The long-established principle of universal application is that statutes in derogation of the common law must be strictly construed. This rule has been steadfastly adhered to in the construction of statutes governing the service of process."

Although service upon the Secretary of the Commonwealth by virtue of the Pennsylvania Motor Vehicles Act of May 14, 1929, as amended, 75 P.S. § 1201, supplemented by Pa.Proc.Rules 2077(a), 2079(a), 12 P.S.Appendix,

would be effective as against Claude C. Hughes, Jr., if death had not occurred,[3] no provision was made therein for substituted service upon the personal representative of the non-resident owner-driver. The agency conferred upon the Secretary of the Commonwealth to accept service was terminated by death. Buttson v. Arnold, D.C.E.D.Pa.1945, 4 F.R.D. 492; Rigutto v. Italian Terrazzo Mosaic Co., D.C.W.D.Pa.1950, 93 F.Supp. 124, at page 126; Arlotta v. McCauley, 1931, 16 Pa. Dist. & Co. R., 657; Minehart v. Shaffer, 1938, 86 Pitts.Leg.J. 317; McElroy v. George, 1951, 76 Pa. Dist. & Co. R. 231; Goodrich-Amram Pa.Proc. Rules 2077(a)–11; cf. Giampalo v. Taylor, 1939, 335 Pa. 121, at page 125, 6 A. 2d 499, and see Wittman v. Hanson, D. C.Minn.1951, 100 F.Supp. 747.[4]

The Restatement of the Conflict of Laws, § 512, provides, "No action can be maintained against any administrator outside the state of his appointment upon a claim against the estate of the decedent." [5] Contrary to the general rule of nonsuability of a foreign administratrix, Pennsylvania makes an exception where personal service is made within the state, Laughlin & McManus v. Solomon, 1897, 180 Pa. 177, 36 A. 704, 57 Am. St.Rep. 633, or where there has been a voluntary appearance.[6] Evans v. Tatem, 9 Serg. & Rawle, Pa., 252, 11 Am.Dec. 717; Carey v. Storms, 20 Pa.Dist. & Co. R. 75.

In addition, the Pennsylvania Fiduciary Act, 20 P.S. § 320.1103, provides, "The acceptance by a foreign fiduciary of the privilege extended by the laws of the Commonwealth of exercising any of his powers within the Commonwealth

---

3. Williams v. Meredith, 326 Pa. 570, 192 A. 924, 115 A.L.R. 890; Hess v. Pawlowski, 274 U.S. 352, at page 356, 47 S.Ct. 632, 71 L.Ed. 1091; Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446; O'Donnell v. Slade, D.C.M.D. Pa.1933, 5 F.Supp. 265; Weisler v. Matta, D.C.W.D.Pa.1951, 95 F.Supp. 152, at page 154.

4. And see 49 Harv.L.Rev. 145; 89 U. of P.L.Rev. 238.

5. See Davis v. Smith, D.C.Del.1954, 125 F. Supp. 134, at page 136; Knoop v. Anderson, D.C.Iowa, 1947, 71 F.Supp. 832, at page 842; 50 Harv.L.Rev. 1119 at 1128.

6. See contra Restatement Conflict of Laws, §§ 513 and 514.

shall constitute the Secretary of the Commonwealth his attorney-in-fact upon whom service of process and notices may be made in any suit or proceeding instituted in the courts of the Commonwealth *arising out of, or by reason of, the exercise of any of his powers or the performance or non-performance of any of his duties as such fiduciary."* [7]

Did the administratrix by instituting the action against Neary accept the privilege extended by the Act and thereby constitute the Secretary of the Commonwealth as her attorney-in-fact upon whom service of process could be made in a separate and distinct action, notwithstanding that it arises from the same collision? [8] The language of the section and by analogy the holding in Rigutto v. Italian Terrazzo Mosaic Co., supra, 93 F.Supp. at page 127, are contra. Applying the rule of strict construction, the present suit did not arise out of, or by reason of, the exercise of any of her powers or the performance or non-performance of any of her duties as fiduciary in Pennsylvania. It arose as the result of injuries received in a collision which occurred prior to the decedent's death. The attempt to sue the administratrix in Pennsylvania may have been motivated by her filing the action here, but the claim or right of action did not arise therefrom or by reason thereof.[9] If the legislature intended to include an action such as we have here it certainly did not clearly and definitely say so.[10] Where there has been a desire

7. (Italics supplied.) See Commission comment that this provision was suggested by the Act of 1929 as amended, supra, 75 P.S. § 1201. As to service of process, see Pa.Proc.Rule 2076 et seq., and 20 P.S. § 320.621.

8. See and cf. Vol. 2, Goodrich-Amram Pa.Proc. § 2226–1, p. 4, "If A and B each owns a separate independent cause of action, as, for example, when the driver of an automobile and his guest are each injured when the automobile meets with an accident, there is no unity or identity of the causes of action owned by A and B. There is no substantive requirement that they both join in one action to enforce their independent claims. At the common law, each would have been required to bring a separate action and, if they had attempted to join, the defendant could have pleaded a misjoinder. Under these rules the driver and the guest are given the option to join in one action as co-plaintiffs. (See § 2229(a)–3). This is permitted because of the procedural convenience of administering the factually related causes of action together. The joinder is purely procedural. It is also permissive since the plaintiffs have an unrestricted option in deciding whether they will join in one action or not." A similar right is provided by F.R.C.P. Rule 20, 28 U.S.C. See Kainz v. Anheuser-Busch Inc., 7 Cir., 1952, 194 F.2d 737, at page 743; Lansburgh & Bro., Inc., v. Clark, 1942, 75 U.S.App.D.C. 339, 127 F.2d 331, at page 333, "Rule 20 neither has, nor was intended to have, any effect on the substantive rights of the parties. * * * it is simply a procedural rule, the sole purpose of which is to remove the procedural obstacles of the common law." And see Middleton v. Coxen, D.C.M.D.Pa.1938, 25 F.Supp. 632; Thomson v. United Glazing Co., Inc., D.C.W.D.N.Y., 36 F.Supp. 527; Fechheimer Bros. Co. Inc., v. Barnwasser, D.C.Ky.1944, 3 F.R.D. 394, at page 395, affirmed 6 Cir., 1945, 146 F.2d 974. "However, this rule can only be applied in the light of Rule 82, Federal Rules Civil Procedure, 28 U.S.C.A. following section 723c, which is to the effect that no rule shall be construed to extend or limit the jurisdiction of the courts of the United States."

9. Some cases suggest a more liberal rule of construction. See e. g., Wiesheier v. Kessler, 1933, 311 Pa. 380, 165 A. 854, where notwithstanding the absence of any statutory provision the court approved deputized service upon an administrator in another county; Null v. Staiger, 1939, 333 Pa. 370, at page 373, 4 A.2d 883; but see Nathan v. McGinley, 1940, 340 Pa. 10, 16 A.2d 2, applying a strict rule where the additional defendant was a non-resident; and McCall v. Gates, 1946, 354 Pa. 158, at pages 160, 161, 47 A.2d 211, 212, "* * * the Rules of Civil Procedure define the limits of service of process on non-resident motorists * * *. Legislative rules as to service of process are in derogation of common law and must be strictly construed."

10. As a suggestion of what was meant to be covered, see and cf. Restatement Conflict of Laws 515, "An action can be

to make a foreign personal representative amenable to process in an action arising out of an automobile accident, it has been spelled out clearly and definitely. See, e. g., Leighton v. Roper, 300 N. Y. 434, 91 N.E.2d 876, 18 A.L.R.2d 537, and Note Id. at page 544.[11] [12]

Although jurisdiction was not acquired over defendant's person by virtue of the use of Pennsylvania highways by decedent and attempted service under 75 P.S. § 1201 and Pennsylvania Proc.Rules, supra, or by virtue of any provisions of the Pennsylvania Fiduciaries Act, supra, the administratrix by commencing her action thereby voluntarily submitted herself to the jurisdiction of this court and of Pennsylvania as to the claim sued upon and as to any cross action by defendant during the pendency of the first action.[13] Pa.Proc. Rule 1046, § 1046–1;[14] Restatement Conflict of Laws § 83; Restatement Judgments § 21, comment c; Rogers v. Burns, 1856, 27 Pa. 525, at page 527; Guthrie v. Lowry, 1877, 84 Pa. 533, at page 537, and see Newman v. Shreve, 1910, 229 Pa. 200, at page 214, 78 A. 79. "Where one puts in motion the process of a court or seeks to use the procedure of the court for the purpose of obtaining a benefit for himself, jurisdiction is conferred over him so far as the defendant in the proceeding or the court is concerned." Delco Ice Mfg. Co. v. Frick Co., Inc., 1935, 318 Pa. 337, at page 345, 178 A. 135, 139; Thompson v. FitzGerald, 1938, 329 Pa. 497, at page 504, 198 A. 58; Peck v. Jenness, 48 U.S. 612, 624, 12 L. Ed. 841; Hoxsey v. Hoffpauir, 5 Cir., 180 F.2d 84, at page 86; Natural Gas Pipeline Co. of America v. Federal Power Commission, 7 Cir., 1942, 128 F.2d 481, at page 484; 21 C.J.S. Courts, §§ 75, 76, pp. 112, 114, "* * * having acquired jurisdiction, the court will retain it for the purpose of administering justice to resident citizens, and will not send them to foreign jurisdictions to seek redress"; and see Moore v. Fields, 42 Pa. 467, at page 472; 72 C.J.S., Process, § 44, p. 1056, "* * * all action taken thereafter in that proceeding or supplementary thereto * * *." 14 Am.Jur. Courts, § 170, p. 370; Ward v. Todd, 103 U.S. 327, at page 329, 26 L.Ed. 339; Ober v. Gallagher, 93 U.S. 199, at page 206, 23 L.Ed. 829.

See Restatement Conflict of Laws, § 76, "If a court obtains jurisdiction over a party to an action, that jurisdiction continues throughout all subsequent proceedings which arise out of the original cause of action." [15] The Pennsylvania

---

brought against a foreign administrator upon any obligation contracted by him, or to recover damages for any wrong done by him, in the administration of the estate."

11. See and cf. Knoop v. Anderson, supra, 71 F.Supp. at page 849; Feinsinger v. Bard, 7 Cir., 1952, 195 F.2d 45, at page 48, and see Guerra De Chapa v. Allen, D.C.Tex.1954, 119 F.Supp. 129, at page 132. For an analogy, see McElroy v. George, supra, 76 Pa.Dist. & Co. R. at page 240.

12. No challenge has been asserted as to the right of the administratrix to proceed as plaintiff based upon her statement that there were no persons in Pennsylvania to which the estate was indebted.

13. See and cf. Restatement Judgments § 5, comment g; New York Life Ins. Co. v. Dunlevy, 1916, 241 U.S. 518, at page 522, 36 S.Ct. 613, 60 L.Ed. 1140, as to collateral matters. See and cf. Stewart v. Ramsay, 1916, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192, where another transaction was involved; Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720, embracing the pending litigation, and see 2 Moore Federal Practice, 2d Ed., § 4.20, p. 953; Hardie v. Bryson, D.C.E.D.Mo., 44 F.Supp. 67, at page 69.

14. Or where appropriate, joining third party defendants. Id. Rule 2252 et seq.—as to expanding the common law practice, see Siranovich v. Butkovich, 1950, 366 Pa. 56, at page 63, 76 A.2d 640, 21 A.L.R.2d 1043.

15. Cf. Restatement Conflict of Laws, § 83, "As to the claim sued upon"; Restatement Judgments § 21, "* * * as to the cause of action * * *"; Restatement Conflict of Laws, § 82, "An appearance * * * gives the court jurisdiction over him for all purposes of the action * * *." See and cf. Vaughan v.

Supreme Court in recent cases has broadened the concept "cause of action" [16] so as to embrace not only the defendants and additional defendants inter se but in addition separate and distinct claims by third parties provided that they arise from the same automobile accident.[17]

See Vaughan v. Womeldorf, 1951, 366 Pa. 262, at page 265, 77 A.2d 424; Shellito v. Grimshaw, 1951, 367 Pa. 599, at page 602, 81 A.2d 544, and Groff v. Meloche, 88 Pa. Dist. & Co. R. 418, to the effect that by commencing an action a plaintiff not only submits herself to the jurisdic-

Love, 1936, 324 Pa. 276, at page 282, 188 A. 299, 107 A.L.R. 1336; Com. v. Barnett, 199 Pa. 161, at pages 177, 178, 48 A. 976, 55 L.R.A. 882; Cuberka v. Pennsylvania etc. Catholic Union, 1937, 126 Pa.Super. 605, at page 607, 193 A. 828, and see Lawrence v. Nelson, 143 U.S. 215, at page 222, 12 S.Ct. 440, 36 L.Ed. 130; Chicago Life Ins. Co. v. Cherry, 244 U.S. 25, at page 29, 37 S.Ct. 492, 61 L.Ed. 966; Henderson v. Carbondale Coal & Coke Co., 1891, 140 U.S. 25, at page 40, 11 S.Ct. 691, 35 L.Ed. 332.

Cause of action is a term of "shifting meanings" according to context. See Smith v. Piper Aircraft Corp., D.C., 18 F.R.D. 169; Williamson v. Columbia Gas & Elec. Corp., 3 Cir., 186 F.2d 464, at page 469; Restatement Judgments, p. 239 (1942); United States v. Memphis Cotton Oil Co., 1933, 288 U.S. 62, 68, 53 S.Ct. 278, 280, 77 L.Ed. 619, "At times and in certain contexts, it is identified with the infringement of a right or the violation of a duty. At other times and in other contexts, it is a concept of the law of remedies * * *. Another aspect reveals it as * * * the group of operative facts out of which a grievance has developed. This court has not committed itself to the view that the phrase is susceptible of any single definition that will be independent of the context or of the relation to be governed. * * *"

See and cf. Rooney v. Maczko, 1934, 315 Pa. 113, at page 118, 172 A. 151, at page 153, "The basis of plaintiff's claim is an injury he received by reason of defendant's want of care under the circumstances." See Williamson v. Columbia Gas and Elec. Corp., supra, 186 F.2d at page 470, "The principle which pervades the modern systems of pleading, especially the federal system, as exemplified by the free permissive joinder of claims, liberal amendment provisions, and compulsory counterclaims, is that the whole controversy between the parties may and often must be brought before the same court in the same action." But see Id. at page 470, "To put it in rather elementary tort language, the basis of the plaintiff's recovery is liability-creating con-

duct on the part of the defendant, the invasion of a legally protected interest * * *."

As to the basis of the concept in the instant case, see Simodejka v. Williams, 1948, 360 Pa. 332, at page 333, 62 A.2d 17 (a case involving defendants and additional defendants inter se); Fields v. Philadelphia Rapid Transit Co., 1922, 273 Pa. 282, at page 286, 117 A. 59.

In place of cause of action, the Federal Rules of Civil Procedure use "claim" or "claim for relief".

16. And a further development of the liberal construction accorded attempts to join third party defendants. See and cf. Vinnacombe v. Philadelphia & American Stores Co., 1929, 297 Pa. 564, at page 569, 147 A. 826, at page 828, "Nothing in the act shows the slightest intention to affect plaintiffs in such suits." First Nat'l Bank v. Baird, 1930, 300 Pa. 92, at pages 96, 98, 150 A. 165; Shapiro v. Philadelphia, 306 Pa. 216, at pages 219 and 220, 159 A. 29; Rau v. Manko, 1941, 341 Pa. 17, at pages 23 and 26, 17 A.2d 422; Shellito v. Grimshaw, supra, 367 Pa. at page 602, 81 A. 2d 544.

17. McDonald v. Mabee, 1917, 243 U.S. 90, at page 91, 37 S.Ct. 343, 61 L.Ed. 608, L.R.A.1917F, 458, "The foundation of jurisdiction is physical power * * * it is not necessary to maintain that power throughout proceedings properly begun * * * submission to the jurisdiction by appearance may take the place of service upon the person." Qui facit per alium facit per se (he who acts through another acts himself), i. e., the acts of the agent are the acts of the principal. Black's Law Dictionary, 1933 Ed.; Michigan Trust Co. v. Ferry, 1913, 228 U.S. 346, at page 353, 33 S. Ct. 550, at page 552, 57 L.Ed. 867, "if the party submits to the jurisdiction in whatever form may be required, we dispense with the necessity of maintaining the physical power, and attribute the same force to the judgment or decree whether the party remain within the jurisdiction or not." See Robertson v. Railroad Labor Board, 268 U.S. 619, at page 622, 45 S.Ct. 621, 69 L.Ed. 1119.

tion of the court in that action but in addition thereby consents to the jurisdiction of the court and to service of process (really notice) in all actions arising out of the same automobile accident—even those by third party passengers. This appears to be contrary to the teachings of the Restatement Judgments § 5, comment (h), p. 32, which would consider the claim of each plaintiff as a separate independent proceeding. The difference arises from the Pennsylvania Courts concept for this purpose of "cause of action".

Vaughan v. Womeldorf, Shellito v. Grimshaw, and Groff v. Meloche, all supra, speak in terms of the court having jurisdiction because the plaintiff commenced an action.[18] They speak also of the problem of service of process apparently in the first two cases in the context of its sufficiency to confer jurisdiction, e. g., in Vaughan, that service of process binding upon a defendant, resident in another county, may be made upon a local attorney; in Shellito, that by coming into the state to attend a deposition proceeding a party plaintiff may be served with process and made a party defendant in a case involving a passenger in one of the automobiles; in Meloche, that deputized service intra state is proper; all of this under the concept of a liberal interpretation of the procedural rules.[19]

Properly understood, cf. Giampalo v. Taylor, supra, 335 Pa. at page 126, 6 A.2d 499, there is thus no departure from the common law rule, cf. Williams v. Meredith, supra, 326 Pa. at page 574, 192 A. 924, or the teachings of other Pennsylvania cases[20] that statutes permitting substituted process and in fact all statutes as to service of process which in any way vary from common law re-

quirements, Earle v. McVeigh, 1875, 91 U.S. 503, at page 508, 23 L.Ed. 398, must be strictly construed.

Since the court has jurisdiction of the person, the problem is one of whether or not the defendant was afforded reasonable notice and an opportunity to be heard so as to comply with the historical requirements of procedural due process of law. See Restatement Judgments § 6, comments a, b, c, d, e, f, § 8, comment b; see and cf. In re Komara's Estate, 1933, 311 Pa. 135, at page 140, 166 A. 577; Atlantic Seaboard Natural Gas Co. v. Whitten, 1934, 315 Pa. 529, at page 531, 173 A. 305, 93 A.L.R. 615; Vaughan v. Love, 324 Pa. 276, 188 A. 299, 107 A.L.R. 1336; Wise v. Herzog, 1940, 72 App.D.C. 335, 114 F.2d 486, at page 488, and cases cited; 21 C.J.S., Courts, § 76, p. 113, § 88, p. 136, as to charging the party with notice, cf. McDonald v. Mabee, supra, 243 U.S. at page 92, 37 S.Ct. 343, where a better method is available; International Shoe Co. v. Washington, 1945, 326 U.S. 310, at page 316, 66 S.Ct. 154, 90 L.Ed. 95; Milliken v. Meyer, 1940, 311 U.S. 457, at page 463, 61 S.Ct. 339, at page 342, 85 L.Ed. 278, 132 A.L.R. 1357, "Its adequacy so far as due process is concerned is dependent on whether or not the form of substituted service provided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard. If it is, the traditional notions of fair play and substantial justice implicit in due process are satisfied." And see Restatement Conflict of Laws, § 75, comment d, p. 113. Here there can be no question on that score; see Boone v. Washovia Bank & Trust Co., 1947, 82 U.S.App.D.C. 317, 163 F.2d 809, at pages 815, 816; Louisville

---

18. Cf. Aversa v. Aubry, 1931, 303 Pa. 139, 154 A. 311, where such a circumstance was not considered important.

19. See McKay v. Beatty, 1944, 348 Pa. 286, 35 A.2d 264. The Pennsylvania Supreme Court "* * * if it is necessary, may find within section 3 of the Act of June 16, 1836, P.L. 784, a remedy, and under it may invent a new proceed-

ing for the purpose of accomplishing a just result. See Vinnacombe v. Philadelphia, 297 Pa. 564, 147 A. 826." Delco Ice Mfg. Co. v. Frick Co. Inc., 318 Pa. 337, at page 345, 178 A. 135, at page 139.

20. And see and cf. 55 Dickinson L.Rev. 274, 275.

and Nashville R. R. v. Schmidt, 1900, 177 U.S. 230, at page 236, 20 S.Ct. 620, 44 L.Ed. 747. The due process clause of the Fourteenth Amendment does not control forms of procedure in state courts or regulate practice therein. Simon v. Craft, 1901, 182 U.S. 427, at page 437, 21 S.Ct. 836, 45 L.Ed. 1165. The procedure may be adapted to the case. Ballard v. Hunter, 1907, 204 U.S. 241, at page 254, 27 S. Ct. 261, 51 L.Ed. 461. Personal notice is not necessary in all cases. Failing therein, there may be, and necessarily must be, some form of constructive service. Jacob v. Roberts, 223 U.S. 261, at page 265, 32 S.Ct. 303, 56 L.Ed. 429, and see Operative Plasterers' Etc. Ass'n v. Case, 1937, 68 App.D.C. 43, 93 F.2d 56, at page 63, " * * * if a statute * * * does not violate due process, the * * * court did not * * * when it reached the same result by judicial decision without statutory support."

In view of the foregoing, defendant's motion to dismiss will be denied.