## Mann v. Meyers Contract Trucking

*Joseph J. McIntosh,* for plaintiff.
*George F. Douglas, Jr.,* for defendant.
*Robert L. Myers, 3rd,* for additional defendant.

SHUGHART, P. J., April 28, 1962.—Defendant in the above-captioned action joined the Pennsylvania Turnpike Commission as an additional defendant. To the complaint filed by defendant the commission has filed preliminary objections which are before us for disposition.

The commission asks that the complaint against it as additional defendant be dismissed. The commission contends, first, that it is an instrumentality of the Commonwealth and, therefore, is immune from liability for tort claims; secondly, suit may not be brought against it in Cumberland County, and, finally, the complaint fails to state a cause of action against it.

Pennsylvania Rule of Civil Procedure 2254(a) provides that "A defendant or an additional defendant shall have the same right of service as though he were a plaintiff". "In securing service upon the additional defendant, the defendant is entitled to the same rights as though he were a plaintiff in the action and the additional defendant were an original defendant. That is, the defendant has such right as though he had brought the action in the county in which it was brought and had sued the additional defendant directly." 3 Goodrich-Amram, §2254(a)-1, page 69.

We turn to a consideration, therefore, as to whether this defendant could have instituted an original suit against the commission in this county. The accident out of which this lawsuit arose occurred on that portion of the turnpike designated as the Philadelphia Extension. Section 6(c) of the Pennsylvania Turnpike Extension Act of May 16, 1940, Extra Sess., P. L. (1941) 949; 36 PS §653e (c) provides as follows:

"The commission may sue and be sued in its own name, plead and be impleaded: Provided, however, That any and all actions at law or in equity against the commission shall be brought only in the proper courts at the county of Dauphin."

The authority of the legislature to provide for suits against the Commonwealth and to fix the venue thereof is conferred by section 11 of art. 1 of the Constitution of the Commonwealth, which provides that ". . . Suits may be brought against the Commonwealth in such

manner, in such courts, and in such cases as the Legislature may by law direct". It is not disputable that the legislature has limited the venue in suits against the Pennsylvania Turnpike Commission to the proper courts of Dauphin County. It is clear that the legislature has constitutional authority to pass such legislation. Since defendant's right to obtain service over an additional defendant is the same as if defendant were a plaintiff and the additional defendant a defendant, it is clear that proper service over the commission could not be had in this suit.

We conclude, therefore, that the Pennsylvania Turnpike Commission cannot be joined as an additional defendant in this suit instituted in Cumberland County. The preliminary objection of the additional defendant must be sustained for this reason. See DiRenzo v. Transamerican Freight Lines, Inc., 10 D. & C. 2d 723.

Counsel for defendant contends that it is desirable to litigate the liability of all parties in this one suit. This may be so, but the limitations imposed by Pa. R. C. P. 2254 (a) as to service on an additional defendant frequently prevent such joinder. See Nathan v. McGinley, 340 Pa. 10: Williams v. Meredith, 326 Pa. 570; 3 Goodrich-Amram, §2254(a)-1, page 71.

In view of our position that any suit by defendant for contribution or reimbursement against the commission must be brought to Dauphin County, we feel that the courts of that county must decide the other questions presented here if and when they arise.

## *Order*

And now, April 28, 1962, for the reasons given, the additional defendant's preliminary objection to the suit against it in this county is sustained and the complaint of the defendant against the said additional defendant is dismissed.