Clementino RUFO, in his own right, Clementino Rufo, and Anna Rufo, his wife, Donata Cara, David Lanni, a minor, by John F. Lanni, his guardian, and John F. Lanni, in his own right

v.

The BASTIAN–BLESSING COMPANY.

Civ. A. No. 31927.

United States District Court
E. D. Pennsylvania.

April 25, 1963.

Rudolph J. DiMassa, Philadelphia, Pa., for plaintiffs.

Philip Price and George J. Miller, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This case is before the court on defendant's Motion to Dismiss on the grounds that the court has no jurisdiction over defendant and that the Complaint fails to state a claim upon which relief can be granted (Document 6).[1]

The action is one for damages allegedly sustained by plaintiffs when a refilled portable cylinder of liquified petroleum gas commercially known as "Propane", to which was attached a valve manufactured by defendant company, exploded in Philadelphia in December 1957. The cylinder was obtained from one J. F. Martin in Philadelphia in March 1956 and was marked as the property of the Natural Gas Company. Plaintiffs allege that defendant breached certain implied warranties in connection with the manufacture of said valve. Defendant is a foreign corporation with principal offices in Illinois. The Complaint alleges that it is, and has been for a long time heretofore, regularly doing business in Pennsylvania, even though unregistered with the Pennsylvania Department of State, and that defendant "by and in their distributive chain sold to plaintiff the said refill of bottled gas and sold it for the purpose to which it was put."[2] Service was allegedly made pursuant to the provisions of Penna.R.Civ.P. 2180(c), 12 P.S.Appendix, after authorization for such service was granted by the court (Document 2). Defendant contends that the service was invalid, that the court has no jurisdiction over the defendant, and that the Complaint fails to state a claim for which relief can be granted because the statutory period of limitations has expired.

This is the fourth suit which has been brought against defendant on this same claim, the first three having been brought in the state courts. In Rufo, etc. v. Martin, Suburban Propane Nat-Gas Co. of Pa., The Bastian-Blessing Company & Sterling Dockson Company, C.P. No. 1, Phila.County, No. 628, Dec. Term 1958,[3] the preliminary objections of Bastian-Blessing Company raising the question of jurisdiction over it[4] were sustained and the complaint dismissed as to it by order of Judge Hagan dated June 6, 1960. In Rufo, etc. v. Suburban Propane Nat-Gas Co. of Pa., Bastian-Blessing Company and Sterling Dockson Company, C.P. No. 2, Phila. County, No. 629, Dec. Term 1958,[5] a judgment against Bastian-Blessing Company for want of appearance was stricken by Judge Hagan on the same date. Judge Hagan stated, as to both cases, that "Defendant, the Bastian-Blessing Company, is not doing business in the Commonwealth of Pennsylvania under the law applicable to the present action." See Exhibit N to Document 10. No appeal was taken from Judge Hagan's ruling. On the date that the above two cases were filed, the "Solicitation Plus" doctrine was the law of Pennsylvania governing the jurisdiction over foreign corporations not registered to do business in Pennsylvania. See Lutz v. Foster & Kester Co., Inc., 367 Pa. 125, 79 A.2d 222 (1951).

On July 12, 1960, after § 1011(C) (15 P.S. § 2852–1011(C)) had been reinstated in the Pennsylvania Business Corporation Act, after having been omitted from the 1957 revision thereof, the present plaintiffs filed another suit against

1. The Motion under Rule 12 (Document 6) asks for alternative relief in the nature of quashing the return of service and the Complaint if the dismissal is not granted.

2. See Rufo v. Bastian-Blessing Company, 405 Pa. 12, 173 A.2d 123 (1961), for a further statement of facts.

3. The Complaint in that case is Exhibit I to Document 10.

4. See Exhibit K to Document 10.

5. The Complaint is Exhibit J to Document 10.

the instant defendant and the Dockson Company. See Rufo, etc. v. The Bastian-Blessing Co. v. Sterling Dockson Company, C. P. No. 1, Phila. County, No. 1727, June Term 1960. The Complaint in that case is almost identical with the Complaint in the instant case.[6] The plaintiffs petitioned the court for authority to make substituted service, as required under Rule 2180(c) and 15 P.S. § 2852–1011(B), the petition was granted, and the Bastian-Blessing Company thereafter filed preliminary objections alleging, among other things, lack of jurisdiction over the person. These objections were dismissed and such dismissal was appealed to the Pennsylvania Supreme Court, which reversed the lower court, holding that these objections should have been sustained. This decision of the Supreme Court, which is reported at 405 Pa. 12, 173 A.2d 123 (1961), controls the present action. On the factual record presented, which is the same as that in the Supreme Court case,[7] the court decided that the Bastian-Blessing Company was "doing business" within the meaning of § 1011(C), but that it was not validly served under 1011(B) because the "acts or omissions" on which the suit was brought did not occur within the state.

The fact that in the instant case the plaintiffs asked for authorization to serve the Complaint only under Rule 2180(c) and F.R.Civ.P. 4(d) and 4(d)(7) does not render the opinion of the Pennsylvania Supreme Court non-effective in this case for the following reasons, among others:

A. In the aforementioned case, the authorization was given to serve the complaint under both Rule 2180(c) and the Business Corporation Act, § 1011(B) (15 P.S. § 2852–1011(B)).

B. In the course of the decision, the Pennsylvania Supreme Court stated 405 Pa. at p. 21, 173 A.2d at p. 128:

"There can be no doubt that the legislature, by its enactment of Section 1011, sub. B, and 1011, sub. C, intended to extend and enlarge the amenability to suit of a foreign corporation carrying on activities within the Commonwealth and to abolish the 'solicitation plus' doctrine previously enunciated by this Court * * *. It, however, by no means follows that the legislature intended to make foreign corporations suable without limitation. The very language of section 1011, sub. B contra indicates such intent."[8]

C. Although the defendant's activities in Pennsylvania consisted of solicitation and other activities, the "other activities" shown in this record do not satisfy the requirements of the "solicitation plus" doctrine. Lutz v. Foster & Kester Co., Inc., supra.[9]

---

6. There are some changes, however. In the present case, the references to the Dockson Company have been omitted (although there are paragraphs in the present Complaint which are identical to those in the state court action, even referring to defendants). It is also noted that the damages claimed in the present action are much higher than those claimed in the state court.

7. See stipulation of counsel (Document 9).

8. It is noted that, even assuming the decisions as to the applicable state law by Judge Hagan on 6/6/60 and by the Supreme Court, as reported at 405 Pa. 12, 173 A.2d 123, should not be followed (which assumption the undersigned does

not make), principles of res judicata would seem to require a decision for defendant on this record.

9. See Strauss v. Delta Air Lines, Inc., 207 F.Supp. 120 (E.D.Pa.1962); Lutz v. Foster & Kester Co., Inc., supra; Shambe v. Delaware & Hudson R. Co., 288 Pa. 240, 135 A. 755 (1927). In the Lutz case, the defendant had a branch office in Pennsylvania which was used for the solicitation of orders, transmittal of complaints, and contacts with the defendant. Customers cancelled their orders through the branch office and called there to transact their business. In Lutz, the defendant also had distributors throughout the Philadelphia sales district and or-

It is the settled rule in Pennsylvania that substituted service statutes must be strictly construed. Williams et ux. v. Meredith, 326 Pa. 570, 572, 192 A. 924, 115 A.L.R. 890 (1937). This rule is recognized by the United States Court of Appeals for the Third Circuit as is demonstrated in the recent decision in Cyrus Leport, Jr. v. White River Barge Line, 3 Cir., 315 F.2d 129, Opinion of Judge Kalodner filed March 7, 1963.[10]

Although it is not necessary to determine the second ground in the defendant's Motion To Dismiss because of the holding that this court has no jurisdiction over defendant, it appears clear from the record that the Complaint states no claim for which relief could be granted because of the expiration of the applicable statute of limitations. See 12A P.S. § 2–725.

### ORDER

And now, April 25, 1963, after consideration of the above Motion, the briefs of counsel (Documents 11 and 12), the letter of March 5, 1963, attached to defendant's brief, and the record, it is ordered that (1) defendant's Motion To Dismiss (Document 6) is granted, and (2) this action is dismissed.

---

ders from the distributors were processed through the branch office. Samples of the products were sent to the Pennsylvania branch office, presented by salesmen to customers for approval, and, if approved, the customers sent their orders either to the branch office or directly to the main office in Connecticut. The court held that there must be "other activities" in addition to the solicitation of business to make a foreign corporation's conduct the doing of business within the Commonwealth and that the criterion to be used is "[W]hether the local solicitors have authority to bind the foreign corporation by which they are employed." The court found that, since the orders obtained by the defendant's solicitors were not binding on the company until they were received and accepted by it at its home office in Bridgeport, Conn., the defendant was not doing business in Pennsylvania.

In this case, the defendant has many fewer contacts with Pennsylvania than did the defendant in the Lutz case. Defendant does not own, lease, possess or otherwise control any warehouse, office property or assets of any sort in Pennsylvania and has no subsidiary, division, branch or affiliate which does any business in Pennsylvania, has no bank account, telephone, telephone listing or business listing in Pennsylvania. All sales of defendant's products are made in Illinois. Prospective purchasers located in Pennsylvania send their orders to defendant in Chicago, where they are accepted or rejected. If accepted, the products are sold outright to the purchasers and shipped directly from the plants, f. o. b. Chicago or Grand Haven, Michigan. Sometimes purchasers of defendant's control equipment are visited by sales representatives who promote business for defendant but who have no authority to, and do not, sell the equipment, collect the purchase price, or transact any business for or bind defendant in any way. They have no authority to investigate complaints (although they occasionally do) and do not adjust complaints, all adjustments being made in Chicago and any refunds being made from there. Even as to the soda fountain equipment manufactured by defendant and sold through distributors, three of whom are located in Pennsylvania, the company has no branch office which does business in Pennsylvania, no telephone listing in Pennsylvania, no bank account in Pennsylvania, nor does it control any property or assets within the Commonwealth. The distributors purchase the equipment from the company for the purpose of resale and have a restrictive type of agreement with the company, but all sales are made in Chicago and the company has no other financial arrangement with the purchaser than the standard thirty days net. See Rufo v. Bastian-Blessing Co., 405 Pa. 12, 15–17, 173 A.2d 123 (1961).

With these and the other pertinent facts of record, it is seen that, although defendant was doing business within the provisions of 15 P.S. § 2852–1011(C), it was not doing business which would make it amenable to process under the "solicitation plus" doctrine.

10. In that case, the Rufo case at 405 Pa. 12, 173 A.2d 123 was quoted at length and its principles used as authority in a determination as to the validity of service of process under the Pennsylvania Non-Resident Vessel Owners' Act, 12 P.S. §§ 336, 337 (Supp.1962).