## Kelly v. Hague

*John C. Smith,* for plaintiffs.

*George J. McConchie,* for defendants.

DeFURIA, J., June 11, 1970.—Defendant's preliminary objections to plaintiffs' complaint ask dismissal of the complaint and striking of a default judgment.

This suit arose from an automobile collision occurring in Somerset County on October 28, 1968. Defendants, at all times relevant hereto, were nonresidents of Pennsylvania.

Plaintiffs, Delaware County residents, instituted suit by complaint on February 9, 1970, under the provisions of the Nonresident Motorist Act of May 14, 1929, P. L. 1721, a's amended, 75 PS §2001. The Secretary of the Commonwealth was served on February 11, 1970, and defendants received certified mail notice on February 26, 1970, but filed neither an appearance nor an answer.

Plaintiffs took default judgment on March 19, 1970.

Defendants filed the within preliminary objections asking that the complaint be stricken for lack of venue. For the same reason and for failure to comply with Pa. R. C. P. 2082, they ask that the default judgment be stricken.

Improper venue may be raised by preliminary objections: Pa. R. C. P. 1006(e).

It is questionable whether the issue of the defective judgment may be raised by preliminary objections: Pa. R. C. P. 1017(b) and 1041. However, plaintiffs have filed an answer to the preliminary objections and have not otherwise objected. Since defendants could have asked for the same relief by petition to strike before this court, we shall consider and determine this issue also.

*Does venue exist in Delaware County?*

Since defendants are, and were, nonresidents of the State, venue must be determined under the Pennsylvania Rules of Civil Procedure applying to nonresidents.

Rule 2076 makes the rules applicable to any civil action, which under rule 2077(a)(1) is an action as to which the laws of this Commonwealth au-

thorize service of process upon a nonresident, in which case rule 2078 as to venue applies.

The venue rule is specific. (a) An action of the class specified in rule 2077(a)(1) shall be commenced in and only in: (1) a county in which defendant may be personally served; or (2) the county in which the cause of action arose.

Thus, the only county in which this suit could have been commenced is Somerset County. (Plaintiffs intended to, and did, use deputized service; therefore, personal service is not involved.) Accord: Williams v. Meredith, 326 Pa. 570 (1937); Nathan v. McGinley, 340 Pa. 10 (1940).

Plaintiffs' suit lacks venue in our delightful county, however much plaintiffs desire to use our judicial system. Plaintiffs' claim of forum conveniens is neither justified nor applicable.

*Can the default judgment withstand the defective venue?*

While the jurisdiction of our court is not in question, the procedural rule excluded our county from entertaining suit. Reason and logic dictate that the judgment must fall.

The judgment is defective for another reason.

The nonresident section of the rules in rule 2082, Entry of Judgment, provides: "No judgment shall be entered against a defendant . . . who has not appeared as a party in the action until the plaintiff has given the defendant such notice as the court by general rule or by specific order shall direct."

Plaintiffs admit failure to notify defendants under our local rule 654, before entry of judgment.

The entry of judgment was improper and a nullity. The judgment was entered in this court, which, having jurisdiction, may strike it from the record.

Proper relief would encompass a striking of the

judgment from the record and a transference of the action to Somerset County, under Pa. R. C. P. 1006(d) and (e).

Wherefore, we enter the following

ORDER

And now, June 11, 1970, the preliminary objections of defendants are sustained; the judgment by default of March 19, 1970, against defendants is stricken; this action shall be transferred to the Court of Common Pleas of Somerset County by the Prothonotary of Delaware County, who shall forward to the Prothonotary of Somerset County certified copies of the docket entries, process, pleadings, depositions and all other papers filed in this action; the costs and fees of such transfer and removal shall be paid by plaintiffs.