## Amos v. Robinson

*Gerald A. Dennehey*, for plaintiffs.
*Joseph I. Papalini*, for defendant.
*Joseph R. Thompson*, for additional defendant Olmo.

MARUTANI, *J.*, April 28, 1976 — Guillermo Olmo ("Olmo") has filed preliminary objections to the complaint of defendant which seeks to join Olmo, a resident of New Jersey, as an additional defendant by resort to the provisions of the so-called Non-Resident Motorist Act, Act of May 14, 1929, P.L. 1721 (No. 563), sec. 1 et seq., as amended, 75 P.S. §2001 et seq.

The auto accident giving rise to the suit occurred in Fulton County, Pennsylvania. Plaintiffs, residents of Schuylkill County, filed suit in Philadelphia County against defendant, Azzie Lee Robinson ("Robinson"), a resident of Philadelphia County. Robinson then filed a complaint seeking to join two other additional defendants (both of whom reside in Schuylkill County) as well as Olmo, a resident of New Jersey and the only non-Pennsylvanian among the parties named. Olmo thereupon filed these instant preliminary objections challenging personam jurisdiction, asserting that service of process under the Act of 1929, the Non-Resident Motorist Act, is not available where the action was "not commenced in the county in which the cause of action arose."[1]

Several Pennsylvania appellate decisions[2] have

---

1. Par. 4, Olmo's Preliminary Objections.
2. McCall v. Gates, 354 Pa. 158, 47 A.2d 211 (1946): auto

addressed themselves to this precise factual situation and have held that in order to have effective service upon a non-resident additional defendant by use of the Non-Resident Motorist Statute, suit must have been initiated in the "cause of action" county. And this is so even though venue apparently lay as to the initial action against the original defendant. This result was held to be mandated by the provisions of Pa. R.C.P. 2078 and 2079: McCall v. Gates, 354 Pa. 158 (1946). In the matter presently before the court, additional defendant Olmo concedes that "[s]ince defendant resides in Philadelphia County venue appears to be proper in this suit."[3]

Since the decisions in McCall, supra, and Nathan v. McGinley, 340 Pa. 10 (1940), the service rule relating to joinder of additional defendants, Pa. R.C.P. 2254, has been materially amended.[4] This rule, in pertinent part, now reads:

accident in Butler County, suit in Allegheny County, additional defendant resident of Michigan; Nathan v. McGinley, 340 Pa. 10, 16 A.2d 2 (1940): auto accident in Montgomery County, suit in Philadelphia County, additional defendant resident of North Carolina. Compare Burbank v. Grant, 56 F.R.D. 484 (E.D. Pa. 1972), where the auto accident occurred in Bedford County (Western District of Pennsylvania), suit in the Eastern District of Pennsylvania where plaintiff resided, and defendant resident of Virginia. Also see Ball v. Yankee Lines, Inc., 9 F.R.D. 600 (E.D. Pa. 1950): auto accident in Western District of Pennsylvania, suit in the Eastern District, and third party resident of Nebraska joined under provisions of Fed. R.C.P. 4(d)(7). In both of the latter two federal decisions, the service upon defendant and the joinder of the non-resident defendant, respectively, were upheld.

3. Par. 3, Olmo's Preliminary Objections.

4. Rule 2254 as originally adopted February 14, 1939, effective September 4, 1939, read as follows:

"A defendant shall have the same rights in securing service

"(a) If the venue of the action by the plaintiff against the defendant is properly laid, the defendant, or any additional defendant, may serve an additional defendant in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had or may serve a non-resident additional defendant who is subject to service under the laws of this Commonwealth in the manner provided by the Rules of Civil Procedure, subject to the right of the additional defendant to move for a severance under Rule 213(b) or for a change of venue under Rule 1006(d)."

Thus, under the current Rule 2254(a) if venue is properly laid, an additional defendant, whether a resident or non-resident, may be joined respectively by deputized service or by recourse to the Non-Resident Motorist Act.[5] Here, additional defendant concedes, as he must,[6] that venue was properly laid. Moreover, the effect of the amendment reflected in the current Rule 2254(a) renders moot the previous criticism of unequal application of the service rules between residents and non-

as the plaintiff had for service in said action. If the action was instituted in the county where the cause of action arose, or where a transaction or occurrence took place out of which the cause of action arose, the defendant shall also have the right of service in any other county by having the sheriff of the county wherein the action was instituted deputize the sheriff of any other county wherein service may be had. Service shall be made in the same manner as required for service of writs of summons." 12 P.S. App. R.C.P. 2254 under "Note."
For Rule 2254 as amended September 1, 1958, see 12 P.S. App. R.C.P. 2254.

5. "The Rules of Civil Procedure, . . . have the effect of a statute. . . ." Koll v. Pickford, 353 Pa. 118, 121, 44 A.2d 276 (1945).

6. See footnote 3, supra; also Pa. R.C.P. 1042 and 1006(a).

residents, a criticism articulated in Williams v. Meredith, 326 Pa. 570, 192 Atl. 924 (1937).[7]

## ORDER

And now, April 28, 1976, upon consideration of the preliminary objections of additional defendant, Guillermo Olmo, directed to the complaint of defendant, Azzie Lee Robinson, it is hereby ordered and decreed that the preliminary objections of additional defendant, Guillermo Olmo, are dismissed.

---

7. "Appellees' contention that suit may be brought in any county accords plaintiffs an unrestricted choice of venue in automobile cases against nonresidents, with the right to serve defendant by deputization no matter where he may be; while in similar actions against residents service by deputization is only permitted if the suit is instituted in the county where the accident occurred." 326 Pa., at 573.